# CHARLESTON.

## Wass v. Wass.

Submitted June 13, 1895—Decided Nov. 16, 1895.

1. DIVORCE—DESERTION.

   Under the divorce law of this State, husband and wife can not each of them be guilty at one and the same time of wilful desertion of the other, and either or both be entitled to a divorce from the bonds of matrimony.

2. DIVORCE—PLEADINGS AND PROOF.

   Suits for divorce are governed by the general rule that requires the decree to be justified by both the pleadings and the proof, which must coexist, and therefore must correspond.

3. DIVORCE—COLLUSION OF PARTIES.

   The state is an implied party to all suits for divorce, and the court must take care, and in some way see that divorces are not granted contrary to law, or by suppression of evidence, collusion of parties, or by other methods or for other purposes, in violation of law.

B. F. AYRES for appellant, cited 23 W. Va. 522; Code, c. 64, s. 5; 28 W. Va. 653; 1 Am. & Eng. Ency. Law p. 180 § 3; Id. note 5 and cases cited; 33 W. Va. 517; Code, c. 64, s. 5; 26 W. Va. 225; 25 W. Va. 295; 30 W. Va. 269; 11 W. Va. 217, 220; 3 Munf. 384; 3 Rand. 263; 5 Munf. 314; 2 Rob. Pr. (old) 287-8; 34 W. Va. 250; 33 W. Va. 517-530; 30 W. Va. 479-490; 30 W. Va. 273; 34 W. Va. 299; 20 S. E. R. 930; 20 S. E. R. 590; 30 W. Va. 181; 33 W. Va. 306; 33 W. Va. 387; 33 W. Va. 455; 33 W. Va. 516.

R. H. FREER and P. W. MORRIS for appellee, cited Sands Suit in Equity, 28; 1 Barton Ch'y Pl. 266-7-8 and Notes 1, 2; 21 W. Va. 445; 28 N. E. R. 948; 59 N. W 400.

HOLT, PRESIDENT:

On appeal from decrees of the Circuit Court of Ritchie county entered on the 1st day of September, 1893, divorcing William Wass and M. E. Wass from the bonds of matrimony, and ordering the allowance of alimony to the

wife, M. E. Wass, to cease and determine as of that date. The decree and order complained of are as follows:

"*M. E. Wass* v. *William Wass.* In Equity. On this 1st day of September, 1893, it is ordered and decreed that all suit money and alimony allowed plaintiff against defendant do cease and determine as of this date."

"*William Wass* vs. *Martha E. Wass.* In Equity for Divorce. This cause came on this 1st day of September, 1893, to be further and finally heard upon the bill of complaint, the answer of the defendant, with general replication thereto; upon the depositions of divers witnesses taken by the complainant and the defendant, duly returned and filed; and upon all the papers heretofore read herein—and was argued by counsel for complainant and defendant. On consideration whereof, the court is of opinion that, from the great and irreconcilable conflict of evidence in the cause on the charge of adultery, it is not possible to arrive at a satisfactory conclusion as to whether the same is sustained or not, and therefore is compelled to find the same not sustained; but the court is, moreover, of opinion from the evidence that there is no longer any hope of a reconciliation between the parties, and that each one and both are, in a measure, guilty of willful and continued desertion and abandonment of the other, and that the same has continued for more than three years; and being of opinion that, under the prayer for general relief, it is competent to grant relief, doth therefore adjudge, order, decree, and pronounce that, on the ground of willful and continued desertion and abandonment, the complainant, William Wass, be forever divorced from Martha E. Wass, and that for said cause Martha E. Wass be forever divorced from William Wass, and that the bond of matrimony heretofore entered into and celebrated between them be dissolved, and they each relieved and released from the bonds thereof, and that the rights of each, either initiate or consummate, in the property of the other, real or personal, from this time forth, do cease and determine forever."

(1) M. E. Wass, the appellant, assigns as error that these decrees complained of are not justified by either the pleadings or by the proofs. (2) The appellee, William Wass,

assigns as error, by way of cross assignment, that the charge of adultery, as alleged in his bill, is sustained by the evidence, and should have been made the ground of the decree.

Plaintiff and defendant were married in the year 1869; have three living children—one married daughter, aged twenty three; a son in Colorado, aged twenty five; and the third, a boy of twelve or thirteen, still at home.

In 1885 the wife, then thirty nine years old, brought a suit for divorce from bed and board, which was settled and dismissed in 1886, and Mrs. Wass went back and lived with her husband.

On the 2d day of February, 1890, she again left her home, and on the 26th day of February, 1890, she filed her bill in chancery, praying for a divorce from bed and board—alleging that her husband had made a felonious assault upon her; that she had reasonable apprehension of bodily hurt from the defendant, and was afraid to return to him. De fendant answered, plaintiff replied, depositions were taken, and the cause came on for hearing on the 21st day of Feb- ruary, 1891, when the court entered a decree divorcing plaintiff, M. E. Wass, from bed and board until further or- der; that she be paid a monthly allowance of twelve dollars, and twenty dollars for her attorney's fees in addition to one hundred dollars theretofore allowed. On the 25th day of June, 1891, her alimony was reduced to eight dollars per month, and the cause was retained on the docket, and leave was granted to either party thereafter to apply by petition, in the manner allowed by law, for any other or fur- ther relief, or for any change or modification of the decree.

By decree entered on the 1st day of September, 1893, it was ordered and decreed "that all suit money and alimony allowed the plaintiff against the defendant do cease and determine as of this date," and on the 28th day of October, 1893, it was ordered that this cause be dropped from the docket as having been heretofore finally determined.

We will take up first the appellee's assignment of er- ror:

The specific acts of adultery are alleged to have been committed in the month of April, 1889, which was prior to

Mrs. Wass' suit for divorce from bed and board, which was instituted on the 26th day of February, 1890, to which William Wass, the husband, filed his answer on the 16th day of June, 1890, and in which a decree of divorce from bed and board was entered on the 21st day of February, 1891. The charge of adultery, if then known, should have been set up in bar of the wife's suit, for a divorce for cruelty. See *Gleason* v. *Knapp,* 56 Mich. 291 (22 N. W. 865); 2 Bish. Mar. & Div. § 1589. The plaintiff, William Wass, however, alleges in his bill that he was then ignorant of such fact. The burden of proof is on the plaintiff. Does he sustain the charge by the evidence? The learned judge who tried the cause in the court below says not. More than one hundred witnesses were examined. To go into details would answer no useful purpose. It is enough to say that a patient examination of the whole testimony has brought me to the same conclusion. I concur, therefore, with the learned judge, in thinking that the plaintiff has failed to make good his charge of adultery; and if he could have seen his way to go further, and hold that in the testimony of his great array of witnesses, no room was left for any reasonable likelihood of the truth of the charge, I could still have concurred with him.

This brings us to the appellant's assignment of error:

1. The wife makes no charge of desertion by her husband in her bill, or in her answer to his bill. In her bill for divorce from bed and board, she does say that she received such cruel treatment from her husband, and was under such great and reasonable apprehension of bodily hurt from him, that she was compelled to seek safety by leaving him, and in this she was justified by the decree of the court entered on the 21st day of February, holding that such wrongful conduct on his part justified her in leaving him and remaining separated from him, and putting him under an injunction not to interfere with or molest her. Thus far, there was no willful desertion on her part or on his part, either in the pleadings or the proof.

2. The bill of William Wass, filed on the —— day of ——, makes no charge of desertion, nor of any facts from which it could be inferred. He makes the charge of

adultery the sole foundation of his prayer for a divorce from the bonds of matrimony, and in the evidence there is nothing to show willful desertion on the part of the one or the other during the past three years; so that we may say that willful desertion is neither alleged nor proved. Section 13 of chapter 64 of the Code was amended by the act of 6th February, 1895, including decrees for other causes as well as for abandonment or desertion. See Acts 1895, p. 1.

3. But, within the meaning of the term as used in the law of divorce, can we say that both husband and wife are guilty of desertion at one and the same time? Is it not an essential element of it, as a ground of absolute divorce, that if the one goes the other must stay? Or, if both go, it is merely a case of mutual separation, collusive or in good faith, as the fact may be. The one who deserts can not be deserted. See 1 Bish. Mar. & Div. § 1690; *Ingersoll* v. *Ingersoll*, 49 Pa. St. 249; *Marsh* v. *Marsh*, 14 N. J. Eq. 315.

4. But if this were not so, then the doctrine of recrimination would apply, and when it appeared, as it is recited to appear in the decree complained of, that both were, in a measure, guilty of desertion of the other, neither would be entitled to a divorce; for neither would have the prerequisite of clean hands, and both would be barred. See 2 Bish. Mar. & Div. § 340; *Conant* v. *Conant*, 10 Cal. 249.

5. It must not be lost sight of that the state must be regarded as a party to all such suits; that the family and the home are the corner stone of the welfare of the state, and so far the state has never seen fit to say that mutual separation, had collusively or in the best of faith, shall be ground to give both parties an absolute divorce. Up to this time the marriage bond is not so easily dissolved, and it is the duty of the court, as far as may be, to see to it that there is no collusion; no suppression of evidence; in a word, no divorce by agreement, or otherwise, in violation of the statute. The parties may make their own agreements, but they can not enact or amend the divorce law. Therefore I can not well see what there is for this decree to stand on.

There is however, one view of these two causes which the learned judge no doubt had in mind. If the court had dismissed the bill of the husband, and on further hearing of

the bill of the wife, then standing on a decree of divorce from bed and board and for alimony, and three years had elapsed, and the wife's divorce had been granted on the ground of desertion, and an absolute divorce would have been proper at the time when the decree of divorce from bed and board was pronounced, had three years then elapsed without reconciliation, and the whole evidence adduced upon said application been before the court, and it appeared that no reconciliation was then probable, then, upon the application of the injured party, which in this case the court had adjudged to be the wife, the court might have decreed a divorce from the bonds of matrimony. But the divorce granted her was for cruelty and reasonable apprehension of bodily hurt, and not for desertion; three years had not elapsed; but, most of all, the wife (the injured party) made no application for it, she did not ask it.

Therefore the two decrees complained of, entered on the 1st day of September, 1893—the one in the case of *M. E. Wass* v. *William Wass*, stopping the allowance and further payment of the wife's alimony, the other in the case of *William Wass* v. *Martha E. Wass*, decreeing a divorce from the bonds of matrimony—must be set aside, and the causes remanded, with directions to dismiss the bill of the plaintiff, William Wass, and in the other to ascertain, decree, and secure the payment of a definite, proper sum as alimony, all things considered, and retain or deal with the case as authorized by law.