# CHARLESTON

## Gulland v. Gulland.

### Submitted June 17, 1907.    Decided November 19, 1907.

1. Divorce—*Procedure—Continuance.*

    In suits for divorce, because of the interest of the state and public therein, more liberality should be observed in granting continuances than is usual in other civil cases, but this discretion should be equitably and carefully exercised.  (p. 672.)

2. Same—*Appeal—Review—Discretion of Court.*

    But even in such suit, where the question of a continuance is involved, the appellate court must, before reversal, be able to say that there has been an abuse of its discretion by the lower court.  (p. 673.)

3. CONTINUANCE—*Absence of Witnesses.*

No continuance based on the absence of witnesses will be granted, unless it appears that the absent evidence is material to the issues as made by the pleadings. (p. 675.)

4. SAME.

Where by judgment or decree a fact has been adjudged by the court to have been defectively pleaded, a continuance should not be granted to obtain evidence of such fact. (p. 675.)

Appeal from Circuit Court, Randolph County.

Action by John Gulland against Sarah Elizabeth Gulland. Decree for plaintiff, and defendant appeals.

*Reversed. Remanded.*

JARED L. WAMSLEY and HARDING & HARDING, for appellant.

SAMUEL T. SPEARS, for appellee.

MILLER, PRESIDENT:

In a suit for divorce by husband against wife, upon bill, answer and the demurrer and special replication of the plaintiff thereto, and upon evidence on behalf of the plaintiff alone, there was a decree in his favor dissolving the marital bonds, without alimony or other provision for her. The answer denied the grounds of divorce alleged, and, with some particularity as to persons, time, place and circumstances, counter-charged against the plaintiff adultery and other violations of the marriage vows, which would not only preclude him from a decree but would entitle her to a divorce. In this answer the defendant asks suit money, for support, and division of the property alleged to have been acquired by joint efforts, but does not specifically pray for divorce. There was a demurrer and a special replication to the answer, which demurrer was not specifically acted upon but, through inadvertence perhaps, ignored.

While the petition for the appeal challenges the sufficiency of the pleadings and proof to support the decree, we do not understand the point to be seriously presented on this hearing; nor do we think the decree amenable to these criticisms.

The only other question presented is the motion of the defendant for a continuance. In addition to the facts other-

wise appearing in the record, this motion is supported by the affidavits of the defendant and her attorney; and the question is, was there abuse of its discretion by the circuit. court in overruling it? In disposing of this question we are to remember that the public, as well as the parties immediately concerned, are interested. This Court and the courts. of other states have said that the state must be regarded as. a party to all such suits. *Wass* v. *Wass*, 41 W. Va. 130;. *Barnes* v. *Barnes*, 95 Cal. 171, (16 L. R. A. 660.) The latter,. a divorce case, holds that, because of the public interest, more liberality should be observed in granting continuances than is usual in other classes of cases. This discretion of course, as in all cases, should be equitably and carefully exercised. *Buster* v. *Holland*, 27 W. Va. 534. But, although divorce cases stand on their own footing in reference to continuances,. even in these cases the appellate court, before reversal, must. be able to say there has been an abuse of its discretion of the lower court.

What are the facts? The plaintiff brought his suit August. 3, 1906. The same day he gave notice to take his depositions. In his affidavit for continuance, defendant's counsel says that about the same day suit was brought plaintiff called on him at his office, representing that he had been requested by the defendant and her brother to employ him to look after her interests in the suit, but only to the extent of seeing that she was fairly dealt with and that nothing unnecessarily harsh should get into the record, saying, also that she did not want to defend the suit with any idea. of defeating it but recognized the fact that she could have no defense, which employment he accepted in good faith.. Depositions on behalf of the plaintiff were begun and continued, the counsel so employed for the defendant appearing and cross-examining the witnesses. These depositions not being completed in time for the following September term of court, as anticipated, numerous adjournments were taken from time to time, on account of absence of witnesses, until they were closed on November 3rd with the cross-examination of the plaintiff by the defendant's counsel, and were filed November 5th. September 8th the court on motion of defendant's counsel, without resistance by plaintiff, allowed her $50.00 to aid her in her defense, her counsel admitting on

the record the previous payment to her by the plaintiff for
her support of $250.00.   In the affidavit of defendant's coun-
sel for a continuance he explains that this admission was.
based wholly on what plaintiff had told him.   In his special
reply to defendant's answer the plaintiff says that when he
separated from his wife he notified her of his purpose to
procure a divorce, and that if she had any defense he desired
her to defend herself, and then gave her brother a check for
$250.00 with instructions that the same be paid her as she
might need it.   In her answer the defendant says this check
was given to her brother, without her knowledge, about
the time she started with her brother to her mother's home
in Maryland; that her brother gave her the check; that
she had used the money for her support.   After his em-
employment the defendant's counsel filed no plea or answer
for her until after all the plaintiff's depositions had been
concluded.   In his affidavit he says that, while attending
the taking of the depositions he received a letter from de-
fendant mailed at Westernport, Md., in which she clearly
intimated that she was expecting him to defend her interests
in the matter, not only in accordance with his said employ-
ment but to the extent of defeating the prayer of the plain-
tiff's bill; that he immediately informed the plaintiff of the
contents of this letter, and notified him that he would at
once confer with defendant, but would in the meantime in
taking depositions act upon her suggestion regarding her
defense; that about the time the order of September 8th was
entered he received another letter from defendant reitera-
ting her intention to defend the suit and her desire that
he should do so to the best of his ability, which letter he
immediately showed the plaintiff; that shortly thereafter,
about September 15th, defendant came to Elkins, declaring
her purpose to make complete defense; that, while plaintiff
was taking his depositions during September and October,
he notified defendant to prepare for the taking of her
depositions as soon as plaintiff should close his, and that
she got ready to do so, bringing one important witness
from Pennsylvania; that it was deemed inexpedient, if not
impossible, to hold said witness until plaintiff should close
his depositions; that he also, during the same time, blocked
out defendant's answer, which was made the foundation of

her answer filed, and notified her to prepare for taking depositions. Only ten days elapsed from the date of filing plaintiff's deposition until the beginning of the November term of court. Defendant in her affidavit corroborated her counsel in relation to her preparation for trial and the absence of the witness brought from Pennsylvania, and said that she had other witnesses by whom she would be able to prove her husband's infidelity to her, but whose attendance she had been unable to procure since the plaintiff had closed his evidence, and whose name she would disclose if requested by the court. The motion of the defendant for a continuance, made on November 22, 1906, the day of the final decree, was heard on the record and the affidavits of the defendant and her counsel and the counter affidavit of the plaintiff. The grounds of defendant's motion were, substantially, that counsel had been misled and deceived by plaintiff; want of time, after plaintiff concluded his depositions, in which to take her testimony; absence from the state especially of the witness whom she alleged she had brought from Pennsylvania to Elkins October 9th and detained there until October 12th, as long as she could, awaiting completion of the plaintiff's evidence, and whom she had not since her return home been able to reach, although she had been endeavoring by letter to do so, but whose evidence she had good cause to believe she would be able to procure if given a continuance until the next term, and by whom she believed she would be able to establish the charge of adultery against the plaintiff; also, the absence of other witnesses, whose names she proposed to give if requested, by whom if given opportunity she believed she could prove the infidelity of her husband, but whose depositions she had been unable to procure in time for a trial at the then present term.

Although conceding the liberal application thereof, it is argued by plaintiff's counsel that the rules respecting continuances are the same in divorce cases as in other civil cases; that one of these rules is that the absent evidence must not only be material as to the issue of fact involved, but, in order to warrant a continuance, must be material to the issues as made by the pleadings, and that a continuance will not be granted to obtain evidence upon an issue

that has been defectively pleaded or never pleaded at all. For this position we are cited to 9 Cyc. 107, which sustains the general proposition, but we think, upon this authority and others, it must be applied to cases where by judgment or decree the fact has been adjudged by the court to have been defectively pleaded. See *Prather* v. *Young*, 67 Ind. 480; *Swift* v. *Elsworth*, 10 Ind. 205, 71 Am. Dec. 316. It is argued that the alleged failure of the answer to allege a *particeps criminis*, time, place and circumstances rendered it demurrable, and hence no issue was presented thereby, although besides the demurrer the plaintiff made special reply thereto. In *Trough* v. *Trough*, 59 W. Va. 465, this Court said: ''We do not say whether or no a bill for divorce for this offense (adultery) should contain the name of the *particeps criminis* or other matter of alleged defect in the bill, because the demurrer is general, and there are two grounds of divorce contained in the bill, one calling for full divorce, *a vinculo matrimonii*, the other partial divorce, divorce of separation, *a mensa et thoro*.'' But a distinction is there noted between cases where the relief is given, justifiable only on the *bad matter*, which is reversible error, and cases of defective statement of matter calling for relief—mere defect of specification. ''That,'' says the Court, ''takes the case out of the rule just referred to.'' The demurrer in that case, as in this, seems not to have been expressly acted on—''likely owing,'' as this Court says, ''to inadvertence; but we must regard it as overruled.'' It is conceded that adultery of the plaintiff, or other breach of the marriage contract which would justify a decree of divorce will defeat his suit. *Wass* v. *Wass*, 41 W. Va. 130; Bart. Chy. 309; *Martin* v. *Martin*, 33 W. Va. 695, 704. In the English ecclesiastical courts, says Bishop, '' when adultery is charged by way of recrimination merely, it is not necessary to prove such strong facts as would be requisite to convict on a direct proceeding for divorce;'' but the distinction does not prevail in this country. 2 Bish. Mar. & Div., 5th Ed., section 89; *Martin* v. *Martin*, *supra*.

The question recurs, then, did the pleadings and facts presented call for the continuance asked? We think they did. Considering what occurred between plaintiff and de-

fendant prior to the suit, the nature of the employment by plaintiff of counsel for defendant, the conduct of the defendant, and the character of the defense afterwards up to the filing of defendant's answer, there is at least the suggestion of a collusive arrangement for divorce, which the law condemns and against which the doors of the courts should be closed. But, if there was no collusion, there was cause for continuance. Only a few days had elapsed since the conclusion of plaintiff's evidence, barely time to have served the usual notice upon the plaintiff, before the commencement of the term of court at which the case was tried, with no time thereafter to complete her testimony. The defendant certainly had made some effort to get witnesses, having brought one from another state, but whom she says she was unable to detain until the plaintiff completed his testimony. It is true that defendant does not distinctly say in her affidavit for a continuance that she will be able to prove by her witnesses her own innocence of the charges in the bill against her; but proof of his guilt would defeat him, and it is argued that her purpose was to prove her innocence also. Moreover, the state is as much interested in debarring a plaintiff with unclean hands from entering its courts, as the defendant in maintaining her own good name and fame and preserving her connubial rights, and the courts in administering the law especially guard the right of the state. We think a continuance in this cause should have been granted.

*Reversed.    Remanded.*