# CHARLESTON

## CLAYTON *v.* CLAYTON.

Submitted June 6, 1912.   Decided January 21, 1913.

1. DIVORCE—*Continuance—Grounds.*

> An answer filed in a divorce suit, within three weeks after the plaintiff's depositions had been taken, averring the defendant to be without means to present her defense, and praying. suppression of the depositions, a continuance and an allowance of suit money, shows good cause for a continuance. (p. 657).

2. DEPOSITIONS—*Suppression—Divorce.*

> In such case, the depositions taken in advance of the allowance of suit money should be suppressed, unless the plaintiff will reproduce the witnesses for cross-examination after the defendant shall have procured counsel to represent her. (p. 658).

Appeal from Circuit Court, Barbour County.

Action by John Clayton against Lucretia Clayton. Judgment. for plaintiff, and defendant appeals.

*Reversed and Remanded.*

*Ware & Viquesney* and *Wm. T. George,* for appellant.

POFFENBARGER, PRESIDENT:

Abuse of the discretion of the court, respecting a motion for a continuance, is the principal charge made against the correctness of the decree of divorce in this cause. Plaintiff filed his bill at June Rules, 1910, alleging desertion, in February, 1907, as ground for divorce. No answer was filed until the second day of the October Term, 1910. In the meantime, the plaintiff had taken the depositions of himself and two other witnesses. The answer denied wilful desertion and averred the respondent had been driven from her home by the cruelty of her husband and fear for the safety of her infant child and had no means with which to employ counsel; and prayed suppression of the depositions taken, an allowance of proper counsel fees, a continuance of the cause to permit her to make defense and a divorce from her husband by way of cross relief. She also excepted to the depositions, charging insufficiency of the return endorsed on the notice to take the same. The return was amended and excepted to again on the ground of insufficiency. In support of the prayer for a continuance and an allowance of counsel fees, an affidavit was filed showing an assessment of real estate in the county in the name of the plaintiff, worth from $800.00 to $900.00, and an income from a pension and also from labor as a carpenter. The exceptions to the depositions and a formal motion for a continuance were overruled and a decree entered, dissolving the marriage.

Though a period of four months elapsed between the commencement of the suit and the entry of the decree, no evidence was taken by the plaintiff until the middle of September, 1910, slightly more than two weeks before the decree was asked for. As the defendant had no occasion to move in the matter of proof until after the taking of plaintiff's depositions, her demand for suit money and time for taking her proof would have caused no serious delay, had it been granted. It might have been made earlier, but there was no occasion for it while the plaintiff voluntarily allowed his suit to rest. Moreover, a penniless woman may have had difficulty in procuring an attorney to prepare her answer and make the demand for her, though this is not affirmatively shown.

The belated filing of an answer will not delay the hearing of

the cause in the absence of disclosure of good cause for delay. Hence, if the matters averred in the answer and the state of the case as shown by the record constituted meritorious cause for a continuance, the court should have granted it. On this subject, the rule is more liberal in divorce suits than in others. Bish. Mar. Div. & Sep. sec. 673. In such causes, the state has an interest. *Hall* v. *Hall,* 69 W. Va. 175, 179; *Bacon* v. *Bacon,* 68 W. Va. 747; *Wass* v. *Wass,* 41 W. Va. 126. A divorce by agreement of the parties, express or implied, is inhibited by law. Maintenance of the policy of the law enjoins allowance of opportunity to each party for full presentation of his side of the controversy. Out of it arises power in the courts to compel the plaintiff to pay an impecunious defendant money with which to defray the cost of full defense. The law accords to the parties equal facilities for presenting their cases and the courts enforce the right thereto. Bish. Mar. Div. & Sep. sec. 976. Delay incidental to the enforcement thereof is, therefore, contemplated and authorized by law. Application of these principles discloses a clear right to a continuance, which the court could not properly disregard or deny.

The same principles and considerations call for suppression of the depositions taken by the plaintiff, unless he will again produce the witness for cross-examination by the defendant. Having been without means to employ counsel at the date of the taking thereof, she has as yet had no opportunity to avail herself of this legal right, even though duly served with notice. Whether the return of service of the notice, as amended is sufficient thus becomes an immaterial question.

The decree complained of will be reversed and the cause remanded.

*Reversed and Remanded.*