# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## HENRY KIRN v. GRACE E. KIRN.

### January 17, 1924.

1. DIVORCE—*Recrimination—Definition—Effect of Recrimination.*—Recrimination in divorce law is the defense that the applicant has himself done what is ground for divorce either from bed and board or from the bond of matrimony. It bars the suit founded on whatever cause, whether the defendant is guilty or not.

2. DIVORCE—*Recrimination—Case at Bar.*—In the instant case, a suit for divorce by a wife on the grounds of desertion and cruelty, defendant filed his answer and cross-bill denying the allegations of the wife and charging her with desertion and adultery. The lower court entered a decree finding that the charges made in the bill and also in the answer and cross-bill had been established, and denied the prayers for divorce both of the husband and wife.

   *Held:* No error.

3. DIVORCE—*Attorney's Fees not Excessive—Case at Bar.*—In the instant case, a suit for divorce, the lower court allowed the wife an attorney's fee of $3,500.00. The suit was vigorously contested on both sides and was pending for several years. Absent witnesses had to be located, charges and countercharges had to be investigated, and the suit was twice argued in the trial court.

   *Held:* That while the fee appeared to be large, the Supreme Court of Appeals would not reduce it, as any doubt should be resolved in favor of the discretion of the trial judge. But the Supreme Court of Appeals refused to make the wife a further allowance for services in that court, holding that the fee already received was sufficient to compensate for such services.

Appeal from a decree of the Law and Chancery Court of the city of Norfolk. From a decree of dismissal, defendant who had filed a cross-bill appeals.

*Affirmed.*

The opinion states the case.

*E. R. F. Wells*, for the appellant.

*Tomlin & Maupin*, for the appellee.

PRENTIS, J., delivered the opinion of the court.

Grace E. Kirn sued her husband, Henry Kirn, for divorce, alleging desertion on October 1, 1918, and cruelty for a considerable period prior thereto. On August 18, 1919, Henry Kirn filed his answer and cross-bill, denying the allegations of the original bill and charging her with desertion and adultery.

On October 6, 1921, the learned judge who heard the case entered a decree finding "that the charges made in the bill of complaint against Henry Kirn, and also the charges made in the answer and cross-bill of Henry Kirn against Grace E. Kirn are true, and have been established." Upon that finding of facts he denied alimony to the appellee, rescinded the allowance which had been theretofore required of Henry Kirn for the support of herself and child, and dismissed her bill of complaint. He also denied the prayer of the appellant for divorce, dismissed his cross-bill, and held that the court had no jurisdiction in this proceeding to make any allowance to maintain, support and educate the infant child of the marriage, and directed appellant to pay to the appellee's attorneys a fee of $3,500.00 for legal services, and the costs.

The appellant assigns these three errors:

1. The finding that the charges of appellee against him of cruelty and desertion had been established.

2. That the court also found that the appellee had been guilty of adultery, therefore the court erred in dismissing his cross-bill and refusing to award him a decree of divorce *a vinculo*.

3. That the fee allowed to appellee's attorneys was excessive.

The appellee assigns as cross-error that the court erred in refusing to grant her a divorce *a vinculo* from the appellant as more than three years had then elapsed from the date of the cruelty and desertion which were found to be true; and that it also erred in finding that the allegations of the cross-bill made by her husband against her were established.

The testimony is voluminous, contains many sharp conflicts, and no good purpose would be served by undertaking to recite it. We deem it sufficient to say that it sustains the findings of fact as above stated.

[1, 2] We are confronted, however, with a legal question which has never reached this court precisely in this form. We are called upon to consider the doctrine of recrimination in divorce causes. This subject has been repeatedly discussed by the English and American courts. The cases are numerous, and it is so easy to find elaborate discussions of the doctrine from every point of view that we think that little is necessary except to state the doctrine and our conclusions.

In 2 Bishop on Marriage, Divorce and Separation, section 340, we find this definition, with the author's conclusion of its effect, whenever it is established: "Recrimination in divorce law is the defense that the applicant has himself done what is ground for divorce either from bed and board or from the bond of matrimony. It bars the suit founded on whatever cause, whether the defendant is guilty or not."

He shows that courts have not always agreed in its application, but adheres firmly to the prevailing view and thus states the reasons therefor which he deems conclusive: "A reason conclusive is, that where the facts tendered to the court show a ground for divorce

in favor of each of the two parties, and the law makes
the consequences of the divorce different according as
it is given to the one party or the other, the court
cannot choose between them, extending the law's
justice to the one and withholding it from the other; it
cannot render a sentence in favor of both, because such
sentence would contain a nullifying contradiction, giv-
ing and taking away the same thing at the same time.
So that the statute, authorizing the divorce and fixing
the consequences, and omitting to prefer the one of-
fense or party over the other, by necessary construction
forbids divorce either to both, or to one, to the exclusion
of the other's rights." Bish. on Mar. Div. & Sep.,
sec. 370, 365.

In 9 R. C. L., p. 387, sec. 180, the doctrine as stated
by Bishop is accepted as fully established in this
country, and many supporting authorities can be there
found.

We shall cite only a few of the more recent cases
which adhere thereto.

In *Green* v. *Green*, 125 Md. 141, 93 Atl. 400, Ann.
Cas. 1917-A, 175, note, L. R. A. 1915-E, 972, note, it is
held that a husband guilty of adultery cannot obtain
a divorce for his wife's desertion and abandonment,
although the statutory period of desertion had elapsed
before the adultery, and though the wife's desertion
was said to be the inciting cause of his offense.

*White* v. *White*, 167 Wis. 615, 168 N. W. 704, applies
the doctrine of recrimination, and in disposing of the
case, citing authorities, holds that: "In divorce actions,
in which the State has such a substantial well-recog-
nized interest, a court is not confined in its disposition
of them to the facts as they existed at the time of the
commencement of the action merely, but may take
cognizance, under proper pleading, of what is done by

either party, or both parties, thereto, during the time it is pending before it."

So also in *Smith* v. *Smith*, 181 Ky. 55, 203 S. W. 884, the same view is taken upon the fundamental principle of equity that one who seeks its aid must approach its forum with clean hands, and that this restriction applies in divorce cases; that in such cases it is competent for the defendant to allege and prove as a defense to and in defeat of the plaintiff's right to a divorce, that he or she has been guilty of conduct which furnishes a ground for absolute divorce; and such ground, in order to defeat the plaintiff's right to a divorce, need not be the same one upon which he relies to obtain a d'vorce from the defendant, but it will be sufficient to defeat his divorce if he is found guilty of any legal ground authorizing a divorce on behalf of the defendant.

A pertinent case is *Young* v. *Young* (N. J. Err. & App.), 119 Atl. 92, 25 A. L. R. 1049, note. Many authorities are cited in the annotation to this case. It is there pointed out that the English matrimonial causes act of 1857 (20 & 21 Vict., ch. 85, sec. 31), grants the courts discretionary jurisdiction to deny a complete divorce where the plaintiff had been guilty of conduct conducing to the defendant's adultery. The English cases before this act fully adhered to the recrimination doctrine. Since that act the courts there have exercised the discretion thereby conferred in some cases. *Hall* v. *Hall*, 69 W. Va. 175, 71 S. E. 103, 34 L. R. A. (N. S.) 761, denied relief under this rule, and states the reasons therefor with clearness. It may be that some hardships may grow out of a strict adherence to the rule, but unquestionably it is firmly established in English and American jurisprudence, and we find nothing in the Virginia statute which justifies us in abrogating a doctrine so long and so widely accepted.

The only Virginia case of which we have any knowledge is *Haynor* v. *Haynor*, 112 Va. 123, 70 S. E. 531. It is there held that a wife who has voluntarily abandoned her husband should not have a decree for her separate maintenance, unless her abandonment of him was, without fault, rendered necessary for her safety and happiness, and was consistent with social order and public policy. As in that case both parties were found to be at fault, the divroce was denied, and alimony refused.

In *Ellett* v. *Ellett*, 157 N. C. 161, 72 S. E. 861, 39 L. R. A. 1135, note, Ann. Cas. 1913-B, 1215, a different view is taken.

[2] With reference to the attorneys' fee of which complaint is made, we observe that the case has been vigorously contested on both sides, that the evidence covers nearly 500 printed pages, and that it was pending for several years. Absent witnesses had to be located, charges and countercharges had to be investigated. It was argued twice in the trial court, first before the Honorable William B. Martin, who died without deciding it, and thereafter before the Honorable James L. McLemore, who entered the decree appealed from. In view of all of these considerations, while the fee appears to be quite large according to local standards, we are indisposed to reduce it. Such doubts as some of us entertain will be resolved in favor of the discretion of the trial judge who was probably better informed as to the labor performed than we are.

We are asked by counsel for the appellee to make a reasonable allowance for services in this court. Our conclusion as to this is that the fee already received is sufficient to compensate for services performed here.

*Affirmed.*