## BLUNDON v. BLUNDON.

(Court of Appeals of District of Columbia. Submitted March 3, 1926. Decided May 3, 1926.)

No. 4346.

Divorce ⬚184(10).

In suit for divorce, trial court's finding on evidence will not be disturbed, unless it clearly appears to be wrong.

Appeal from Supreme Court of District of Columbia.

Suit for divorce by William C. Blundon against Katherine E. Blundon, in which defendant filed a cross-bill. Decree for plaintiff, and defendant appeals. Affirmed.

R. H. Yeatman, A. F. Canfield, and M. T. Bigelow, all of Washington, D. C., for appellant.

A. L. Newmeyer, M. W. King, and S. McC. Hawken, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, VAN ORSDEL, Associate Justice, and BARBER, Judge of the United States Court of Customs Appeals.

BARBER, Acting Associate Justice. This is an appeal by Katherine E. Blundon from a decree of the Supreme Court of the District of Columbia, awarding to William C. Blundon, her husband, an absolute divorce a vinculo matrimonii on the ground of her adultery with one Thad B. Sargent, named as corespondent in the original bill of the appellee, filed in December 1923. In an amended bill, filed in March, 1924, it was alleged that she had been guilty of adultery with the same corespondent after the filing of the original bill.

The corespondent filed answers, denying the material allegations of the bill and amended bill as to him. The wife in like manner answered both, and in connection therewith filed a cross-bill, asking for a divorce a mensa et thoro, which was dismissed concurrently with the granting of the absolute divorce to the husband.

The error alleged is that the evidence was insufficient to support the decree entered against the wife. Certain property rights between the plaintiff and defendant were settled in the decree below, concerning which there is no controversy here.

The parties were married in 1906, and are childless. The record shows that early in their matrimonial life there were separations and reconciliations, until in 1922 the wife brought suit for a limited divorce, the prayer for which was, by agreement, later withdrawn, and a decree entered, with consent of the husband in November 1922, allowing her an agreed amount for her maintenance and support.

The testimony is voluminous, and has been carefully examined. It discloses a sorry state of matrimonial affairs. The husband and wife have each engaged people to spy upon the other, as well as doing the same thing themselves. It appears that the wife has a pending suit against one of the husband's witnesses, claiming damages against her for the alienation of his affections.

The husband and wife, the corespondent, and the defendant in the last above mentioned suit, as well as numerous other witnesses, testified in the trial of this case, and, as might be expected, there is a sharp conflict in their testimony in many respects. It were bootless, for the purposes of this opinion, to undertake to analyze the testimony. If that on behalf of the husband is believed, it supports and justifies the decree below. If, on the contrary, that on the part of the wife is believed, the decree should not have been rendered.

The weight to be given to the testimony of witnesses depends much upon their appearance on the stand, and for that reason the trial court is the best judge of its credibility. It is the settled rule in such cases that the finding of the lower court will not be disturbed, unless it clearly appears to be wrong. Cole v. Cole, 52 App. D. C. 303, 286 F. 764, and cases cited. That rule is of especial force and particularly pertinent and applicable to this case.

Adopting the same, we hold that the testimony below was sufficient to justify the decree as entered, and it is therefore affirmed, without costs.

Affirmed.