JAMES WORKMAN *et al.* *v.* CLEAR FORK LUMBER COMPANY

(No. 7028)

Submitted January 26, 1932.    Decided February 9, 1932.

*W. H. Rardin* and *John Q. Hutchinson,* for plaintiff in error.

*Clarence W. Meadows,* for defendants in error.

LITZ, JUDGE:

James Workman, Larkin Workman and Emmett Scarbro obtained a verdict and judgment against Clear Fork Lumber Company, a corporation, for $1,500.00, in an action of assumpsit, on a logging contract.

On April 6, 1929, plaintiffs and defendant (through its general manger, Quince Jones), entered into a parol contract whereby plaintiffs agreed to cut and skid for defendant a boundary of standing timber in Raleigh county at $7.00 per thousand feet, log scale, according to Doyle & Scribner rules of measurement. It does not appear that either plaintiffs or defendant at the time of the agreement assumed sole responsibilty for the measurement of the logs. Larkin Workman, however, testified that Jones then said to him and his associates, "You boys will get your statement on the 10th of each month to show how we stand." By this, Jones evidently meant a complete statement of account between the parties, as defendant was expected to, and in fact did, advance to plaintiffs consideration for the services as the work progressed. Beginning performance under the contract, April 12, 1929, plaintiffs continued operations until July 11th, then quit, because (as they assert) defendant had failed to accurately measure the timber cut and removed by them. W. E. Pauley testified that he, as agent of defendant, correctly measured all the logs cut by plaintiffs under the contract, totaling 289,973 feet. Plaintiffs measured only the logs cut between the 6th and 23rd of May, which, acording to the testimony of James Workman, who did the measuring, amounted to 85,128 feet. The first statement of account by defendant to plaintiffs, dated June 1st, was rendered June 10th. It represented the total measurement of logs then cut to be 75,715 feet. Larkin Workman testified that he and the other plaintiffs, in company with each other, at the time of receiving the statement, complained to Jones because the measurement was not greater, reminding him that according to

their measurement they had cut 85,128 feet between the 6th and 23rd of May, and as much or more before beginning to measure; that Jones, in reply, suggested that the difference might be due to failure of the scaler for the defendant to use a proper log rule and to the failure of the plaintiffs to allow for defects; and that plaintiffs insisting that they had made proper allowance for defects, Jones requested them to continue work, stating that he would later adjust the difference between them and the company. Jones denied this conversation. The price was reduced from $7.00 to $5.00 per thousand May 23rd, and to $4.00 per thousand the last of June. This action was brought for the difference between the measurement reported by the defendant and that as claimed by plaintiffs. Plaintiffs adduced evidence of their measurements between the 6th and 23rd of May, of their claim that they had cut as much or more before beginning to measure, and of a "stump and top" measurement made by J. W. Lively at their instance after removal of the timber, amounting to 675,730 feet. The "stump and top" measurement was effected by adding the diameter of the stump (or butt of the tree if found) and the diameter of the lap, dividing the sum by two and multiplying the quotiet by the estimated length of the trunk.

The assignments of error involve (1) the admission in evidence of the "stump and top" measurement; (2) the exclusion of opinion evidence offered by defendant; (3) the granting of instructions on behalf of plaintiffs, and (4) rejection of an instruction submitted by defendant.

The accuracy of the "stump and top" measurement is questioned, first, because it was not made in accordance with the Doyle & Scribner rules requiring the diameter of the small end of each log to be taken and all defects excluded, and, second, for the reason that the steepness of the ground on which the timber grew, made it impossible to determine the lengths of the trunks. Lively testified that he ascertained the lengths of the trunks from the impressions in the ground where they had lain. We are of the opinion that this evidence was, under the circumstances, admissible. *Furrow* v. *Bair*, 84 W. Va. 654, 100 S. E. 506; *Browning* v. *Lumber*

*Company,* 88 W. Va. 626, 107 S. E. 413; *Redden* v. *Lumber Company,* 105 W. Va. 138, 141 S. E. 639. "In an action on contract for the sale of timber at a stipulated price per thousand feet to recover the alleged balance of the purchase price, there being no agreement that a log scale of the timber should be final, binding, or conclusive upon the parties, it is proper to receive in evidence any competent proof tending to show the actual amount of timber logged, and the question of fraud in the making of the log scale is not involved. In such cases, evidence of a stump scale, made after the timber has been logged off, is competent as tending to show the actual amount of timber logged, and its weight is a question for the jury." *Haydon* v. *Branson,* (Idaho) 195 Pac. 545. Of course, the measurement should be in accordance with the rules agreed upon by the parties as to allowance for defects and otherwise.

Defendant, in attempting to prove by Jones that its measurement was correct, asked him the following question: "Did you make any estimate, or judgment, or opinion as to how much timber there was on that tract of land before they cut it?" Objection on the part of plaintiffs to the question having been sustained, defendant avowed that if the witness were permitted to answer, he would say: "I did." Since it was not shown how or upon what facts, if any, this "estimate, or judgment, or opinion" was formed, the ruling complained of was clearly right.

Three instructions were granted on behalf of the plaintiff; the first one submitting to the jury the issue of the amount of timber cut and removed under the contract at $7.00 per thousand; the second, the amount of timber cut and removed under the contract at $5.00 per thousand; and the third, the amount of timber cut and removed under the contract at $4.00 per thousand. These instructions are objected to on the ground that the evidence was insufficient to show the respective amounts of timber according to the measurement of Lively. As the case will have to be reversed on another point, the plaintiffs may clear up this question on a new trial.

A rejected instruction, tendered by defendant, would have told the jury, substantially, that the failure of plaintiffs to

examine witnesses present at the trial and in a position to testify on a material issue creates the presumption that such witnesses would have given evidence prejudicial to the plaintiffs with reference to said issue. This instruction was aimed at the plaintiffs, James Workman and Emmett Scarbro, who were present at the trial and failed to testify in corroboration of Larkin Workman concerning the alleged conversation between the three and Jones. The instruction should have been given. "Where the burden rests upon a party to prove a material fact at issue and he fails to produce an important and necessary witness to such fact, a presumption is raised that the testimony of that witness, if introduced, would be adverse to the party having it in his power to produce him; unless, of course, there is some valid excuse for his non-production." *Diotiollavi* v. *Coal Co.*, 95 W. Va. 692, 700, 122 S. E. 161, 164. "The failure of one to call a witness who participated with him in the transaction in litigation, or to explain his failure, is a circumstance from whch it is allowed to infer that such witness would not sustain the party." *Star Mills* v. *Bailey*, 140 Ky. 194, 130 S. W. 1077, 140 An. St. Repts. 370. There is greater reason for applying the rule in a case like this where the witnesses, failing to testify, are parties to the suit.

Because of the refusal of this instruction, the judgment will be reversed, the verdict set aside, and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*