**RIDGEWAY v. RIDGEWAY et al.**

**No. 5625.**

Court of Appeals of the District of Columbia.

Argued Jan. 10, 1933.

Decided Feb. 6, 1933.

Crandal Mackey and Arthur J. Hilland, both of Washington, D. C., for appellant.

Alfred M. Schwartz, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's amended petition for an absolute divorce.

On July 22, 1930, Mrs. Ridgeway (appellant here) filed a petition in the corporation court of Alexandria, Va., for a limited divorce on the ground of desertion. She alleged that she was "an actual bona fide resident" of the city of Alexandria, Va., in which state she had had "her actual residence and domicile" for more than one year immediately preceding; that her husband, Mr. Ridgeway (appellee here), was a nonresident of the state; and that the parties had last cohabited in the county of Westmoreland, Va.

Mr. Ridgeway appeared and filed an answer and cross-bill. Evidence was introduced by both parties, and, after hearing, the court found that Mrs. Ridgeway was not entitled to the relief prayed; that she had willfully deserted and abandoned her husband on or about June 7, 1929; that the parties had been domiciled in the state of Virginia for more than one year; that Mrs. Ridgeway had been an actual bona fide resident of Virginia for more than one year prior to the institution of her suit; that Mr. Ridgeway was entitled to affirmative relief as prayed in his cross-bill, and he was therefore awarded a decree a mensa et thoro.

On the same day that the Virginia decree was entered (October 6, 1930), Mrs. Ridgeway filed the original bill herein. In that bill as amended she alleged that for more than three years last past Mr. Ridgeway had continuously resided, and still resided, in the District of Columbia, and that Mrs. Ridgeway was a resident of the District when the bill was filed. In his answer Mr. Ridgeway denied that either he or Mrs. Ridgeway were residents, or had been residents, of the District, but averred the fact to be that, although for the past three years he had been living in the District, his marital domicile was in the state of Virginia. The answer also contained

a plea in bar, based upon the Virginia decree. Thereupon the court ordered that so much of the defense to the bill as presented a plea in bar should be disposed of before the trial of the principal case, and this was done.

Evidence was introduced by both parties, and the court found that they were married in Westmoreland county, Va., on September 30, 1922; that their domicile at that time was in that county; that they lived together there as husband and wife until September, 1927, when the husband came to Washington for the purpose of securing employment; that he has remained here since; that "considerable testimony was given on both sides as to the residence and domicile of the parties. There was some conflict on the point, but there was ample testimony from which a court might reasonably hold that before and at the time of the marriage *and ever since* the parties have been domiciled in the state of Virginia." (Italics ours.)

In his conclusions of law and opinion the court said: "Evidently both parties believed that the proper place for their litigation was their home State of Virginia. It was not until the trial judge announced his decision against the wife that it occurred to her or her counsel that she was in the wrong forum. Upon all the evidence I can not say that fraud was committed upon the Virginia court. At the most there was a disputed question of fact which that court had jurisdiction to decide. Both parties deliberately chose Virginia as the proper forum and voluntarily submitted their dispute to the courts of that State. If the question was open, I should say that their choice was correct. No fraud was committed on the Virginia court, and I conclude as a matter of law that its decree is entitled to full faith and credit."

We are of the view that Mrs. Ridgeway failed to prove lack of jurisdiction on the part of the Virginia court. Both the court below and the Virginia court were of the opinion that the matrimonial domicile of the parties was in the state of Virginia. While the evidence, which we do not deem it necessary to recite, was conflicting, we think there was ample support therein for the finding. See Blundon v. Blundon, 56 App. D. C. 313, 12 F.(2d) 848.

But it is contended that, even assuming the Virginia decree to be valid and entitled to full faith and credit, it does not bar the right of Mrs. Ridgeway to an absolute divorce in the District of Columbia on the ground of adultery. In her present bill she alleged upon information and belief that Mr. Ridgeway had committed adultery in the District of Columbia and elsewhere on various occasions between May 3, 1930, and July 12, 1930. Her petition in the Virginia case was filed July 22, 1930, but contained no charge of adultery, although such a charge, if established, would have been a bar to the granting of a divorce a mensa et thoro to her husband. Kirn v. Kirn, 138 Va. 132, 120 S. E. 850; Gloth v. Gloth, 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700. A sufficient ground for the rejection of this contention is found in the fact that Mrs. Ridgeway, when she filed her petition herein, was not a resident of the District of Columbia. We have adopted the views of the Virginia court and the court below that both Mrs. Ridgeway and her husband were residents of Virginia during the pendency of the divorce proceedings in that state. She returned to the District on the day of the filing of the decree in the Virginia case. The laws of the District of Columbia in relation to suits for divorce (D. C. Code 1924, § 971, D. C. Code 1929, tit. 14, § 61) require a bona fide residence of three years where the cause for which the divorce is prayed arises outside the District, but, in cases in which the petition is based on a cause of action arising within the District, the only requirement is that the petitioner be a bona fide resident of the District. That Mrs. Ridgeway was not such a resident is plain. Under the evidence the conclusion is irresistible that her return to the District was prompted by a desire to overcome the consequences of the adverse decision of the Virginia court rather than by a desire to surrender her Virginia residence in favor of a residence here. See Rollings v. Rollings, 60 App. D. C. 305, 53 F.(2d) 917.

The court below, therefore, was without jurisdiction, and its decree is affirmed, costs to be equally divided between appellant and appellee, Ridgeway.

Affirmed.

Mr. Justice HITZ took no part in the consideration or decision of this case.