NANCY VIRGINIA MORRIS *v.* PRESSLEY DALLAS MORRIS

(No. 7451)

Submitted January 18, 1933. Decided April 4, 1933.

(Rehearing denied .June 8, 1933)

*Martin Brown,* and *W. J. Postlethwait,* for appellant.
*Everett F. Moore,* and *Victor H. Shaw,* for appellee.

KENNA, JUDGE:

Nancy Virginia Morris, the plaintiff, sued Pressley Dallas Morris, in the circuit court of Wetzel County, for separate maintenance, alleging abandonment and adultery.

There were the usual preliminary proceedings concerning allowances, etc., after which, on September 19, 1931, the defendant filed his answer and cross-bill alleging that he left the plaintiff by reason of her cruel and inhuman treatment of

him by reason of which it was she who was guilty in law of abandonment; and praying for a divorce *a vinculo* on the ground of the plaintiff's desertion since October, 1927. · This was demurred to, general replication was entered and a special reply to defendant's answer and cross-bill filed.

The circuit court of Wetzel County thereupon entered an order transferring the cause for hearing to the circuit court of Marion County. On December 8, 1931, the demurrer to plaintiff's bill ·was sustained and her amended bill filed, and the defendant filed an amended answer and cross-bill and a demurrer to the plaintiff's special reply. The demurrer to the plaintiff's special reply was overruled and the cause referred to A. C. Chapman, commissioner in chancery. The commissioner filed his report February 24, 1932, which made no recommendations concerning relief, reported upon the property of both the plaintiff and the defendant, and filed the proof taken on both sides. The cause went to hearing on the defendant's exceptions to the commissioner's report submitted along with the other questions in the case.

On the 4th day of May, 1932, as of the 23rd day of April, 1932, plaintiff's bill was dismissed and the prayer of the answer and cross-bill was granted and carried into decree. To that decree plaintiff prosecutes this appeal.

Plaintiff and defendant were married in 1895. They were each 57 years old at the time the proof was taken in the cause. They have eight grown children.

Both the pleadings and the proof in this cause are voluminous. All have been painstakingly and thoroughly examined. In the main, both pleadings and proof consist of charge and denial, counter charge and counter denial, crimination and recrimination. The testimony of many of the . witnesses is merely cumulative, some of it on immaterial points. In dealing with this mass of detail, as distinguished · from the uncontroverted facts hereinafter discussed, we find it impossible to disturb the decree of the trial chancellor as to it, for the reason that the decree is based on conflicting testimony, and a controversy so involved as to make it well near impossible that any element contained in it should stand out with sufficient clarity to justify our saying that the trial chancellor was clearly wrong in either overthrowing or upholding it.

It appears from the record that these parties had been living together since practically the date of their marriage, in very much the same conditions and circumstances as those of which they complain in their respective bill of complaint and cross-bill. There had been continual quarreling and bickering, with endless circumstances of irritation and aggravation on both sides. All of this, prior to 1927, had been condoned until condonation had become as well established as a habit as the circumstances requiring it. Nobody can say from reading this record where a new cause of complaint began and condonation left off. It would seem likely that acts of condonation, according to the proof, occurred after the winding up of all the things complained of in both the original and cross-bills. However, the learned trial chancellor has said that this is not so, and in this welter of conflict we are not disposed to disturb his judgment on that question.

What goes before has been said to the exclusion of a set of circumstances standing out strongly and distinctly in the proof that we are bound to say the trial chancellor did not give its proper weight in reaching a determination of the cause. Or if the trial chancellor did give proper significance to it as a matter of fact, then he misconceived the law applicable to it.

On February 8, 1928, the defendant, Pressley Dallas Morris, procured a divorce from the plaintiff, Nancy Virginia Morris, in Washoe County, Nevada, at Reno. In that proceeding, he made oath to and filed a bill of complaint, the first paragraph of which is as follows: ''That plaintiff for more than three months last past and immediately preceding the commencement of this action has resided and now resides in the county of Washoe, State of Nevada, and during all of said period has been actually, physically and corporally present in said county and state.'' This suit was brought on the 7th day of February, 1928. The defendant appeared by counsel under power of attorney, filed her answer, and on the 8th day of February, 1928, the cause was submitted on proof taken. Again, under oath, the defendant stated that he had been continuously in Reno since the 6th day of November, 1927, and had been actually present in that city during all of the time since that date. Later, under direct attack, the

decree giving the defendant this divorce was set aside at the suit of the plaintiff because, first, the power of attorney under which she appeared in the divorce suit in Reno was held to be a forgery, and, second, his testimony concerning the jurisdictional facts was held to be false and a fraud upon the jurisdiction of the Nevada court. The defendant had married a woman by the name of Ayres on the same day that his Nevada decree was entered, and it is an admitted fact that he afterwards cohabited with her in several different places after their purported marriage.

In this cause, a good deal of proof was taken on the question of whether or not the power of attorney signed by Mrs. Morris was genuine. Conceding that that was a proper question to be litigated in this case and that it is determined by the decree of the trial chancellor in favor of the defendant, this still does not dispose of the effect of the Nevada proceeding. It is established in this cause that the defendant was in West Virginia holding the regular January term, 1928, of the circuit court of Marshall County, during the same period of time that he testified that he was corporally present in Reno, Nevada, according to the allegation of his sworn bill of complaint. There is no controversy on these facts. The defendant perpetrated a fraud on the Nevada court. His divorce decree was set aside by that court. We have to give that decree full faith and credit; and, furthermore, the fact of the fraud is fully established in this record. Inasmuch as the divorce decree in the Nevada court was procured by fraud, it gives to the defendant no protection against the charge of adultery growing out of his subsequent cohabitation with the woman he married following that decree. *Winston* v. *Winston*, 165 N. Y. 553, 59 N. E. 273. We are therefore of opinion that defendant's adultery stands established in this record. That being so, in the absence of condonation, which does not appear, he could not be awarded a divorce. *Hall* v. *Hall*, 69 W. Va. 175, 71 S. E. 103; *Wass* v. *Wass*, 41 W. Va. 126, 23 S. E. 537; *Green* v. *Green* (Md.), Ann. Cas. 1917A, 175, 93 A. 400. It follows that the decree of the circuit court will have to be set aside.

Now what of the plaintiff? If the defendant cannot procure a divorce and plaintiff is not asking for a divorce, then

the bonds of matrimony are not dissolved between them. It it still the duty of the defendant to furnish proper support to the plaintiff as his .wife. Undoubtedly, they are. living separate and apart and undoubtedly the husband refuses to be reconciled. In this state of the record, the lower court will be obliged to decree to the wife whatever reasonable allowance for her support and maintenance the circumstances of the husband, as of the present time, will permit.

The decree. of the circuit. court of Marion County is .therefore reversed and the cause remanded for further procedure upon the principles herein. laid down.

*Reversed and remanded.*