# CHARLESTON.

## HANDLAN v. HANDLAN.

Submitted September 15, 1892.—Decided December 22, 1892.

1. DIVORCE—PENDENTE LITE—SUMMONS—PRACTICE.

   Where in a suit for divorce the bill is filed, the writ of sum-
   mons issued and returned executed all on the same day; such
   suit is on that day "a pending suit" within the meaning of the
   Code, c. 64, s. 9.

2. DIVORCE—SEPARATE ESTATE—NOTICE.

   Where in a suit for divorce the bill contains no allegations in
   respect to property of any kind as belonging to husband or wife,
   and the suit being still at rules, it is error on petition and motion
   of plaintiff without notice to defendant, to make an order re-
   quiring defendant to turn over to plaintiff absolutely and uncon-
   ditionally, certain property in such petition mentioned and
   claimed as belonging to such plaintiff as her separate estate with-
   out in some way giving defendant a day in court to show cause
   against such order. No one can be absolutely decreed against
   without having a day in court—an opportunity to be heard.

3. DIVORCE—INJUNCTION—PLEADING.

   Where in a suit for divorce neither bill nor petition contains
   any allegation or prayer for alimony, or prayer of any kind or
   allegation to justify any decree disposing of defendant's prop-
   erty, it is error to enjoin defendant from selling, disposing of, or
   incumbering any or all of said property, real or personal, until
   the further order of the court.

4. DIVORCE—PLEADING—DECREE.

   In suits for divorce, as well as in suits in equity in general, all
   orders and decrees must be justified by the pleadings as well as
   by the proofs.

J. J. JACOB and D. O'KEEFE for appellants cited Code, c.
131, s. 1; 2 Va. Cas. 201; 3 W. Va. 266; 2 Dan. Ch'y Pr.
1711; Code, c. 135, 1, Par. 7; 25 W. Va. 535; 33 W. Va.
569; 21 W. Va. 325; 19 W. Va. 579; 5 W. Va. 580.

J. A. HOWARD and H. M. RUSSELL for appellee:

I.—*The process was properly issued and served on the day to
which it was returnable.*—13 S. E. Rep. 45.

II.—*There was a pending suit so soon as the process was served.*
—2 Rand. 93; 11 W. Va. 511; 21 W. Va. 601; 69 Me.
336.

III.—*The constitutional provision regarding due process of law
is discussed in* 19 W. Va. 564.

IV.—*The order in enjoining the defendant and requiring him to
deliver property was properly made without notice.*—3 W.
Va. 542; 6 W. Va. 503; Code, c. 133, s. 3; High Inj.
§ 933.

V.—*For the purpose of this case the averments of the bill and
petition must be taken as true.*—6 W. Va. 503.

VI.—*The injunction was properly granted on the showing made
by the bill and petition.*—1 Paige 261; 4 Gill 105; High
Inj. § 483.

VII.—*The order of March 5th was proper.*—6 W. Va. 97.

HOLT, JUDGE:

Appeal from an order refusing to dissolve an injunction
awarded, pending a suit for divorce, to preserve the estate of
the man, *etc.*, and to compel him to deliver to the woman
her separate estate, *etc.*, entered by the judge of the Circuit
Court of Ohio county during vacation on March 5, 1892.

On the 7th day of December, 1891, being the first Mon-
day of the month and therefore a rule day, Kate G. Hand-
lan filed her bill for divorce, and caused a writ of summons
to answer the same to be issued, which was served on defend-
ant, William M. Handlan, and returned on the same day it
was issued. The Circuit Court of Ohio county was then
in session, and after plaintiff's bill had been filed, and sum-
mons returned executed, she filed her petition in court,
duly sworn to, alleging that she is plaintiff in the suit for
divorce from the bond of matrimony pending in the court;
that defendant holds in his possession, without leave or
authority, certain property, real and personal, being her
sole and separate property, describing it; also certain other
property describing it, bought with money loaned by peti-
tioner to defendant; also certain other estate, real and per-
sonal, not described.

The Circuit Court by order entered December 7, 1891,
upon reading summons in bill for divorce returned exe-

cuted, the bill itself, and plaintiff's petition, directed that defendant, William M. Handlan, do forthwith turn over to the said Kate G. Handlan all of her property, real and personal, which are parts of her sole and separate property, described as aforesaid as in his possession or control.

"And it is further ordered by the court that all of said property described as aforesaid" (in the petition) "purchased with money loaned the defendant by complainant, as well as all property, real and personal, owned by said defendant, be preserved by him, and that he be, and is hereby, restrained from in any manner selling, disposing of or incumbering any or all of said property, real or personal, and that he be restrained from in any manner interfering with, or placing any restraint upon, her personal liberty, until the further order of the court."

At rules held in the clerk's office on the first Monday in January, 1892, the defendant failing to appear, on motion of complainant by her solicitor, her cause against said defendant was set for hearing at the then next term of said court.

On the 24th February, 1892, plaintiff, Kate G. Handlan, made her affidavit, which was presented and filed in court on 24th February, 1892, stating that defendant had not obeyed the order of 7th December, 1891, as to the property mentioned therein, but that he refused, and still refuses, to give the said property over to the plaintiff. Thereupon the court, by order entered 24th February, 1892, issued a rule against defendant returnable on 2nd March, 1892, at 10 o'clock A. M., before the judge at chambers, to show cause, if any he can, why he should not be attached and punished for his said contempt.

On 5th March, 1892, in vacation, the two following orders were entered by the judge :

"KATE G. HANDLAN,
        *v.*          } In Chancery.
"WM. M. HANDLAN.

"This day came the parties, by their attorneys, and on motion of the defendant, by his attorney, the rule heretofore issued against him, requiring him to show cause why he should not be fined and attached for a certain contempt

alleged to have been committed by him in failing to obey an order made by said Circuit Court on the 7th day of December, 1891, in a suit in chancery therein pending, in which Kate G. Handlan was complainant, and said Wm. M. Handlan was defendant, is quashed and set aside.

"Given under my hand this 5th day of March, 1892.

"JOSEPH R. PAULL."

And afterwards, to wit, during the vacation of said Circuit Court, on the said 5th day of March, 1892, the Honorable JOSEPH R. PAULL, one of the judges of said court, directed the entry of an order in said cause in the words and figures following, to-wit:

"VACATION ORDER:

"KATE G. HANDLAN  
  *vs.*   &#125; In Chancery.  
"WM. M. HANDLAN.

"The defendants having heretofore given the plaintiff notice of his motion to set aside the order of the Circuit Court of Ohio county, made on the 7th day of December, 1891, directing the defendant to turn over to the plaintiff the real and personal property mentioned in said order, and also his motion to dissolve the injunction awarded in said order, the plaintiff and defendant appeared before me at the time and place mentioned in said notice, and argued said motions, when the same were taken under advisement. And now, having maturely considered said motions, and being of opinion that such order should not be set aside, and also that the said injunction should not be dissolved, it is ordered that both of said motions be overruled."

This motion of defendant to set aside the order of December 7, 1891, and dissolve the injunction thereby awarded, was heard on bill, petition and affidavit of plaintiff, and orders theretofore made. The judge refused to set aside such order of December 7, 1891, and overruled defendant's motion to dissolve the injunction thereby awarded, and defendant appealed.

Defendant assigns the following grounds of error: "*First.* It was error to make any order whatever under the circumstances disclosed by the record, based solely on said petition, especially an order requiring your petitioner to turn over

to the plaintiff the possession of the real and personal property mentioned in said order. *Second.* It was error to award an injunction solely upon plaintiff's said petition. *Third.* The orders complained of are erroneous, because they deprive your petitioner of property without due process of law, in that the order of December 7, 1891, was made without any notice to him, and also in that said order of March 5, 1892, deprives him of the right of answering said petition and having a hearing thereon. *Fourth.* If, under the terms of the statute (Warth's Code, W. Va. § 9, c. 64) the Circuit Court had the discretionary power to require your petitioner to deliver to the plaintiff separate property owned by her, that power was, on the pleadings and under the circumstances shown by the record, improvidently and improperly exercised by the court and judge, to the great prejudice and injury of petitioner. *Fifth.* The numerous other erroneous matters in said orders, and other errors and irregularities in the proceedings had in said cause."

"The Circuit Court, on the chancery side thereof, shall have jurisdiction of suits for annulling or affirming marriages or for divorces." Code, s. 7, c. 64.

"Such suit shall be instituted and conducted as other suits in equity, except that the bill shall not be taken for confessed, and, whether the defendant answer or not, the cause shall be heard independently of the admissions of either party in the pleadings or otherwise." Section 8, c. 64.

"The court in term, or the judge in vacation, may, at any time pending the suit, make any order that may be proper to compel the man to pay any sum necessary for the maintenance of the woman, and to enable her to carry on the suit, or to prevent him from imposing any restraint on her personal liberty, or to provide for the custody and maintenance of the minor children of the parties during the pendency of the suit, or to preserve the estate of the man, so that it be forthcoming to meet any decree which may be made in the suit, or to compel him to give security to abide such decree, or to compel the man to deliver to the woman any of her separate estate which may be in his

possession or control, or to prevent him from interfering with her separate estate." Code (Ed. 1891) p. 613, c. 64, s. 9.

At common-law the suit was considered as pending from the issuance of the writ; in equity the writ was issued after bill filed, and the suit regarded as commenced from the time of the service of the writ. Under our statute the suit in equity may be commenced before the bill is filed, and is treated as a suit commenced from that time.

In this case the bill was filed, the writ of summons issued and served and returned, when plaintiff made her motion. It is true this all took place on one rule day, but that may be properly done. See *Spragins* v. *Railway Co.*, 35 W. Va. 139 (13 S. E. Rep. 45). Therefore it was, on the 7th day of December, 1891, a pending suit, within the meaning of section 9, c. 64, Code, and there was no occasion for plaintiff to file an independent bill, but what she asked was a proper subject for motion on petition; nor did it need any other allegation, so far as concerned an order for payment of the wife's costs. But notice in some way should have been given of the time and place of the motion, to justify the order entered.

The divorce suit was not on the court docket, but was still at rules, and such bill contained not the slightest allusion to the matters set up in the petition, or that plaintiff had any separate estate in defendant's possession or anywhere else. Moreover, the order of 7th December, 1891, was entered, not only without any sort of notice or knowledge of any kind on the part of defendant, as far as this record shows, but it requires the absolute and unconditional turning over and delivery of possession by defendant to plaintiff of a large quantity of property, real and personal. The Circuit Court of course did not intend to condemn the defendant without a hearing or an opportunity to be heard, to give up absolutely and unconditionally all this property in his possession, but claimed by his wife. The latter part of the order, requiring defendant to be served with a copy of the order, shows this.

If the defendant had been given notice of the motion, or if the order had been conditional that he turn it over, *etc.*,

unless after being served with a copy of the order he show cause against the same, or if it had been a rule against him to appear and show cause why he should not turn over to plaintiff said property, serving a copy of the order in lieu of the former rule if more convenient, any of these modes would have given the defendant notice of the motion and an opportunity to be heard before being compelled to deliver property to plaintiff unconditionally as belonging to her, when, for aught that the court can see, it may of right belong to him. Such *ex parte* proceeding will not do where unconditional orders are made.

The latter part of the order reads as follows : "And it is further ordered by the court that all said property described aforesaid, real and personal, owned by said defendant be preserved by him, and that he be, and is hereby, restrained from in any manner selling, disposing of, or incumbering any or all of said property, *etc.*, until the further order of this court." To this I can see no insuperable objection. The court could in its discretion have required notice of the motion, but may for obvious reasons have wisely dispensed with it. There was no change of possession ordered, and no serious harm could be done; but of course defendant would have to be served with a copy of the order before the injunction could become effectual.

But the fatal defect of this part of the order is there is no allegation in regard to, or prayer for, alimony proper in the bill, or that it was bought with money loaned by the wife, and no order could be entered in the cause without some allegation in the pleadings to justify it. But why may not the petition be regarded as an amended bill ? To make it such it needs but to change the word "petition" into "bill of amendment," and it would be a good amended bill— good where it is not needed as an amended bill, where a petition would answer the purpose, viz., to have her sole and separate property turned over to her ; and good as an injunction to restrain defendant from interfering with or imposing restraint upon her personal liberty ; but not good where it is needed as an amended bill, viz., where it deals with the property of defendant, for it prays no alimony, or enforcement of any debt or trust against it, only that he be

enjoined to not dispose of it, but to hold it to meet any decree that may be entered. But plaintiff indicates nowhere either in bill or petition, what kind of decree she desires, or is entitled to have entered in regard to it ; so that it is not good as an amended bill as to the property charged to be defendant's, bought with plaintiff's money, and loaned to him. Still, the petition is good as to restraining him from imposing restraints upon her personal liberty.

We are referred by counsel to section 3, c. 133, Code, which reads as follows : "No injunction shall be awarded in vacation or in court, in a case not ready for hearing, unless the court or judge be satisfied, by affidavit or otherwise, of the plaintiff's equity ; and any court or judge may require that reasonable notice shall be given to the adverse party, or his attorney at law or in fact, of the time and place of moving for it before the injunction is awarded, if in the opinion of the court or judge it be proper that such notice should be given."

We are also referred to the case of *Freshwater* v. *Railroad Co* , 6 W. Va 503, for the point that for the purposes of this case the averments of the bill and petition must be taken as true.

In a proceeding altogether *ex parte*, to enter an order to transfer the possession of property, real and personal, from defendant to plaintiff, to await the further order of the court, would be unusual ; still, taking the allegations that might be made as *prima facie* true, we can not say in advance that such an order might not be properly entered ; but to enter such an order for the absolute turning over of the property to be made by defendant to plaintiff, without condition or qualification, would be error. The party moved against must, in some way, have his day in court before any such absolute order can be entered against him. There is not a word in the bill on the subject, and the petition he has never seen or had an opportunity to see. How can it be taken as true as against him for the purpose of making such an unconditional order as was made in this case ? Nor do I think the words "until the further order of the court" can be read as qualifying such part of the order as well as the latter part, without supplying words that would be out

of place as to the latter part of the order, if it could be done at all. Therefore there are in the order of March 5, 1892, two errors:

(1) The court has, by a mandatory order, required and commanded defendant to turn over to plaintiff certain property, real and personal, absolutely and without condition; and this without giving him any day in court, or any opportunity whatever to gainsay the plaintiff's allegation of sale and separate ownership, made for the first time in her petition, which defendant never saw or heard of, or had opportunity to see or hear.

(2) The court has restrained the defendant from disposing of or incumbering any or all of his said property until the further order of the court, without one allegation anywhere, in bill or petition, about alimony, or anything else to justify or on which to base any further order, except an order to dissolve the injunction as improvidently awarded in advance of the pleadings or suggestions, without suggestion, even in the most general way, of what plaintiff wishes to be done, what defendant ought to do, or what the court will be asked to compel him to do, with his property on some future day.

For the foregoing reasons the order of March 5, 1892, appealed from, is reversed, and the order of December 7, 1891, complained of, is set aside, but without prejudice, and the cause is remanded.

REVERSED. REMANDED.