# Richmond.

## House v. House.

### January 14, 1904.

1. Divorce—*Evidence—Opinions.*—In a suit for divorce on the ground
   of cruelty, the opinions of witnesses based upon their knowledge
   of the character or reputation of the wife that they did not believe
   that the husband could, with safety, cohabit with her, are not
   admissible in evidence. The witnesses should state the facts, and
   not their opinions, and let the court determine from the facts
   proved whether the fact in issue has been established.
2. Divorce—*Cruelty—Suit by Husband.*—A husband, as well as a wife,
   may maintain a suit for divorce on the ground of cruelty, or rea-
   sonable apprehension of bodily harm, but in either case the charge
   should be clearly proved.
3. Divorce—*Alimony.*—A wife who is more to blame than her husband
   for the unhappy manner in which they have lived, and who has,
   by her misconduct, provoked the mistreatment of which she com-
   plains, is not entitled to alimony.

Appeal from a decree pronounced by the Circuit Court of
Russell county in a suit in chancery, wherein the appellant was
the complainant, and the appellee was the defendant.

*Reversed.*

The opinion states the case.

*Finney & Gilmer* and *J. C. Gent,* for the appellant.

*H. A. & J. K. Routh,* for the appellee.

Buchanan, J., delivered the opinion of the court.

The appellant filed his bill against his wife (the appellee) to obtain a divorce from bed and board upon the ground that she had attempted to take his life, and he had reasonable ground to fear serious bodily hurt. His wife filed an answer, in which she denied the material charges in the bill, and also filed her cross-bill in which she charged cruelty and abandonment on the part of her husband, and prayed for alimony. The appellant answered the cross-bill, denying its allegations. Proof was taken by both parties, and, upon a hearing of the cause, the court was of opinion that the husband had shown himself entitled to a divorce from bed and board, and that the wife was entitled to alimony, and so decreed. From that decree the husband obtained this appeal upon the ground that the court erred in granting alimony the wife, and seeks to have that portion of the decree reversed.

The wife, under Rule IX., assigns as cross-error that the court erred in rendering a decree of separation from bed and board, and asks to have the decree to that extent reversed.

The husband attempted, in part, to sustain the allegations of his bill by introducing witnesses who knew little or nothing about the conduct of the parties toward each other. These witnesses testified, from their knowledge of the character or reputation of the parties, that they did not believe that the husband could with safety cohabit with his wife.

Such evidence is not admissible. The general rule is that witnesses must state facts, not opinions. In order to entitle the husband to a divorce, it was necessary for him to prove facts from which the court could determine, or legally infer, that the fact in issue had been established. Whether or not the husband was in danger of bodily injury from his wife was a question for the court, upon all the facts proved. 2 Bish. on M. & D., sec. 769. *Richards* v. *Richards,* 37 Penn. St. 225.

The evidence introduced by both parties is of the most unsatisfactory character. The witnesses, who lived in the home

and had the best opportunities to know how the husband and wife conducted themselves toward each other, appear, from their own testimony and from that of other witnesses, to be entitled to little credence. The other witnesses testify to little that is material to the issues involved. No good purpose could be subserved by discussing the evidence at length.

It appears that the parties, who had been married for ten years or more, had for two or three years before the institution of this suit, lived very unhappily. Both parties, as one of the husband's witnesses testifies, and as is apparent from the record, were in fault. The wife, however, much more than the husband. The evidence shows that she is a woman of violent temper and quarrelsome disposition; that occasionally, in fits of passion, she had threatened to take the husband's life, and had once or twice slapped him in the face with her hand; but it does not show satisfactorily that she had attempted or really intended to do her husband bodily harm, or that he had reasonable ground to apprehend danger of life, limb or health. Though the complaint of cruelty or fear of bodily harm usually comes from the wife, yet the husband is entitled to protection if he really needs it (2 Minor's Insts. 281-'2 and cases cited) ; but in either case the charge should be clearly proved, for marriage is a contract formed with a view, not only to the benefit of the parties themselves, but for the benefit of their offspring, and the moral order of society, and should not be dissolved in whole or in part unless the ground for it is satisfactorily made out. 2 Bish. M. &. D., sec. 762.

Neither does the evidence sustain the wife's claim for alimony. She was more to blame than the husband for the unhappy manner in which they lived. She provoked, by her misconduct, the alleged mistreatment upon which she relies for alimony. To give her alimony under the facts of this case would be to reward her for her own wrongdoing. It may be that the parties cannot live happily together, but that is no sufficient reason for granting to either the relief sought.

"The law," as was said by Sir William Scott, in *Evans* v. *Evans,* 1 Hagg. Cons. R.. 35, and quoted with approval in *Latham* v. *Latham,* 30 Gratt..307, 321 and 328, "has said that married persons: shall not be legally separated upon the mere disinclination of one or both to cohabit together. When people understand that they *must* live together, except for a few reasons known to the law, they learn to soften by mutual accommodation that yoke which they know they cannot shake off. They become good husbands and good wives from the necessity of remaining husbands and wives; for necessity is a powerful master in teaching duties which it imposes." Again, he says the suffering party "must bear in some degree the consequences of an injudicious connection; must subdue by decent resistance or prudent conciliation; and if this cannot be done, must suffer in silence. And if it is complained that by this inactivity of the courts much injustice may be suffered and much misery produced, the answer is, that courts of justice do not pretend to furnish cures for all the miseries of human life."

We are of opinion that neither party is entitled to the relief sought, and that the decree complained of must be reversed and the bill dismissed.

*Reversed.*