# CHARLESTON.

## REYNOLDS v. REYNOLDS.

Submitted January 11, 1912. Decided April 29, 1913.

1. DIVORCE—*Appeal—Subsequent Proceedings Below—Allowance of Alimony.*

   On an appeal by the husband from a decree granting the wife a divorce *a mensa et thoro,* and decreeing a conveyance to the wife of the husband's real estate, as permanent alimony, the decree, as to separation, was affirmed, but, in respect to taking lands for alimony, was reversed, and the cause remanded, with direction to the lower court to enter a "reasonable money decree" for alimony. *Held:* That the chancellor has discretion to allow alimony from the date of the decree of divorce. (p. 351).

2. SAME—*Appeal and Error—Amount of Alimony—Discretion.*

    The amount of alimony, proper to be allowed, depends upon the wife's needs and station in life, and upon the husband's means and ability to earn money; and the chancellor is vested with a wide judicial discretion in determining what is a proper amount, and his finding will not be disturbed unless it clearly appears that he has abused his discretion. (p. 352).

Appeal from Circuit Court, Wood County.

Suit by Emma F. Reynolds against William O. Reynolds. From a decree for plaintiff, defendant appeals.

*Affirmed.*

*John F. Laird,* for appellant.

*Thomas Coleman,* for appellee.

WILLIAMS, JUDGE:

This is the second appeal in this divorce suit, both taken by the husband. The decision on the former appeal is reported in 68 W. Va. 15, and contains a statement of the facts. The two decrees, first appealed from, were rendered on the 20th December, 1907, and the 30th December, 1908, respectively. The former granted the wife a decree of divorce *a mensa,* and decreed a conveyance to her of certain real estate in Parkersburg, owned by her husband, as permanent alimony, and the latter, rendered after the filing of an answer and cross-bill by the husband, who had theretofore been proceeded against by order of publication, simply confirmed the former, and decreed costs against the husband and his surety on his bond. This court reversed the first decree in respect to the taking of real estate for alimony, and the second in respect to costs, and affirmed them in all other respects, and remanded the cause with direction to the lower court to render a "reasonable money decree" for alimony. Thereupon, on 8th February, 1911, the lower court determined that twelve dollars per month, payable in quarterly installments of thirty-six dollars, during the joint lives of husband and wife, or until their reconciliation, was a reasonable alimony, and decreed that it be paid from the 20th December, 1907, the date of the decree appealed from. It ascertained that $444.00 was due as of 20th January, 1911, and credited that sum with $224.55, the costs of the

appeal which it was decreed the wife should pay, thus leaving a balance of $219.45 for the husband to pay on account of back alimony and out of that sum the court decreed $177.00 to the wife's counsel, of which $150.00 was for his fees for services rendered in her behalf in the lower court and in this Court, and $27.00 on account of costs paid for her. From that decree the present appeal was taken.

It is insisted that the lower court did not follow the mandate, in that it did not enter a decree for appellant's costs incurred in the prosecution of his appeal, and allowed an unreasonable alimony. This Court decreed costs of the appeal against the wife, and it was, therefore, not necessary for the lower court to do more than enter the mandate upon its record, so far as it related to the matter of costs. The mandate, by virtue of the statute, became the decree of that court. Sec. 29, ch. 135 Code (1906). Execution for costs was not necessary, because the decree now appealed from gave credit for the costs on the accrued alimony. That amounted to an actual payment of the costs.

The wife was entitled to alimony from the date of the decree of separation, and the court had so decreed; but it erred in taking the husband's real estate in satisfaction thereof, and, for that reason, that part of the decree was reversed, and the cause was remanded, with direction to ascertain a reasonable alimony payable in money, but the decree divorcing the parties from bed and board was affirmed. The mandate fixed no time from which alimony should begin to run. That point was not adjudicated by this Court. It was therefore, left to the discretion of the chancellor. He had the right to make the alimony relate back to the time of that decree.

"The time of allowance, (of alimony) like the question of amount, is in the discretion of the court, and may, according to some authorities, be made to relate back to the commencement of the suit." 3 Enc. L. & P. 136; 14 Cyc. 788. The supreme court of Georgia held that it was proper and usual to make it relate back to the commencement of suit. *Swearingen* v. *Swearingen*, 19 Ga. 266. See also *Gay* v. *Gay* 146 Cal. 237, 79 Pac. 885. But it is only necessary for us to decide that it was proper to make the allowance begin at the date of the decree of divorce, and that is all we now decide.

The court allowed $12.00 per month, payable in quarterly instalments of $36.00 each. This was certainly not unreasonable. The wife was given the care and custody of an infant daughter, the only other child was of age. The husband owned one-fourth interest in a vacant lot in Parkersburg, valued at $1,000, and worked as a common laborer, earning about $20 to $25 and his board, per month. The wife lived in a rented room for which she paid $3 per month; and did such house work as she could find to do, thereby earning small sums of money to aid in supporting herself and daughter. The amount of alimoney, proper to be allowed, depends upon the wife's needs and her station in life, and upon the husband's means and ability to earn money. It is a matter within the sound discretion of the chancellor, and this court will not disturb his finding unless it clearly appears that he has abused it. *Henrie v. Henrie,* 71 W. Va. 130, 76 S. E. 837. There has been no abuse of discretion in the present case.

The allowance of fees to appellee's counsel out of the wife's alimony, is not a matter of which appellant can complain. Those fees were not decreed against him, or paid out of suit money furnished by him, but out of the wife's allowance for alimony theretofore accruing.

The court did not allow costs to appellee, and that is cross-assigned as error. By the decree first appealed from, it had allowed her costs against her husband and his surety on his bond. But this court reversed that decree in respect thereto, and reserved no right to again deal with that matter. The question of costs has, therefore, been finally adjudicated. For the lower court to have rendered a decree for costs against the husband, after it had once done so and this court had reversed its decree, would have been a violation of the mandate. The effect is that each party must pay his own costs in the court below.

The decree will be affirmed, with costs to appellee.

*Affirmed.*