STATE *ex rel.* WOODROW WILSON CECIL

*v.*

NORMAN KNAPP, *Judge, et al.*

(No. 11012)

Submitted September 30, 1958. Decided November 11, 1958.

*J. W. Maxwell,* for relator.

*Kermit A. Locke,* for respondents.

HAYMOND, PRESIDENT:

This is an original proceeding in prohibition in which the petitioner, Woodrow Wilson Cecil, seeks a writ to prohibit the defendants, Honorable Norman Knapp, Judge of the Circuit Court of Raleigh County, and Bessie E. Cecil, from the further prosecution of a proceeding in contempt instituted by the defendant, Bessie E. Cecil, against the petitioner, and now pending in that court, and from enforcing a provision of a final decree entered by the Circuit Court of Raleigh County May 21, 1955, in a suit for divorce then pending in that court, in which the petitioner Woodrow Wilson Cecil was plaintiff and the defendant Bessie E. Cecil was defendant, which required the payment by the petitioner, the plaintiff in that case, of permanent alimony to the defendant Bessie E. Cecil, at the rate of fifty dollars per month from the 15th day of June, 1955, until the defendant should remarry or until the further order of the court.

The petition alleges in substance that as the plaintiff, Woodrow Wilson Cecil, was granted a divorce from the defendant, Bessie E. Cecil, in the suit for divorce, the defendant in that suit, being the guilty party, was not en-

titled to alimony; that in awarding alimony in her favor the circuit court, though having jurisdiction of the subject matter and the parties to such suit, exceeded its legitimate powers; and that the defendant, Norman Knapp, as the Judge of that court, should be prohibited from enforcing the provision of the final decree awarding alimony to the defendant Bessie E. Cecil in the proceeding in contempt instituted by her against the petitioner and now pending in the circuit court.

Upon the return day of the rule issued upon the petition the defendant Bessie E. Cecil filed her separate answer which admits the material facts alleged in the petition but denies that upon such facts the petitioner is entitled to the writ which he seeks in this proceeding. The defendant Norman Knapp did not file an answer to the petition. On September 30, 1958, this proceeding was submitted for decision upon the petition of Woodrow Wilson Cecil, upon the answer of the defendant Bessie E. Cecil, the brief of counsel in behalf of the petitioner and the brief of counsel in behalf of both defendants.

In February, 1955, the petitioner as plaintiff instituted a suit against his wife, the defendant Bessie E. Cecil, in the Circuit Court of Raleigh County, in which he sought a divorce on the ground of cruel or inhuman treatment. The verified bill of complaint in that suit, after alleging facts to establish jurisdiction of the subject matter and the parties in the Circuit Court of Raleigh County, alleged that the plaintiff and the defendant were joint owners of certain real estate and personal property in equal shares, which consisted of a residence in Beckley, a business property and some vacant lots near Beckley, a Buick automobile, and a bank account; that the plaintiff did not desire an award of any of the household furniture or fixtures but did desire an award of the automobile to him as his sole and separate property; and that the real estate and other personal property owned jointly by the parties should be equitably divided between them by the court. The prayer of the bill of complaint was that the plaintiff be granted a divorce from the bonds of matri-

mony; that he be awarded the automobile; that the other property owned jointly by the parties be divided between and awarded to them in such proportion as to the court should seem meet; and that the plaintiff be granted general relief.

The case, having been matured for hearing, was heard by the circuit court in the presence of the divorce commissioner on May 16, 1955, upon process duly served upon the defendant, upon notice to the divorce commissioner, and upon the testimony offered in behalf of the plaintiff. The defendant, though served with process, did not file an answer to the bill of complaint or any other pleading in the case but did appear by counsel at the hearing.

By final decree entered May 21, 1955, the court found that the plaintiff was entitled to the relief prayed for in his bill of complaint, dissolved the marriage theretofore existing between the parties, and granted the plaintiff a divorce from the bonds of matrimony. The decree also provided that the plaintiff Woodrow Wilson Cecil should pay to the defendant Bessie E. Cecil, as alimony for her support and maintenance, the sum of fifty dollars per month from June 15, 1955, until the defendant should remarry or until the further order of the court, awarded all the real estate owned by the parties to the defendant as her sole and separate property and the automobile to the plaintiff as his sole and separate property, and prohibited the parties from marrying again except to each other for a period of sixty days from the date of the entry of the decree.

For some time after the entry of the final decree the petitioner paid the monthly installments of alimony as required by its provision. Later after having been told that the defendant was not by law entitled to alimony he discontinued such payments and in April 1958, having defaulted in the payments in the amount of approximately $450.00, the defendant instituted the pending proceeding in contempt against the petitioner in the Circuit Court of Raleigh County. Upon a hearing of that proceeding on

June 27, 1958, the petitioner admitted his default in the payment of alimony as required by that provision of the decree of May 21, 1955, as alleged by the defendant, but based his defense to the contempt charged against him on the ground that the provision of that decree requiring him to pay permanent alimony to the defendant is void for the reason that the court in entering it abused its discretion and exceeded its legitimate powers. The court overruled the motion of the petitioner to quash the rule awarded against him and after he had entered his plea of not guilty found the petitioner guilty of contempt in failing to pay the alimony as required by the decree of May 21, 1955. On motion of the petitioner, however, the court suspended further proceedings upon the rule and the judgment of contempt for a specified period of time to enable the petitioner to apply to this Court for relief from the judgment of contempt against him. Following the entry of the order of June 27, 1958, in the proceeding in contempt, the petitioner instituted this proceeding in this Court on September 22, 1958.

The final decree in the suit for divorce, except to the extent that it awards permanent alimony to the defendant Bessie E. Cecil, is not challenged by the petitioner and its validity with respect to the divorce granted the petitioner and the division of property between the parties is not involved in this proceeding.

In support of his petition for a writ in this proceeding the petitioner insists that the provision of the final decree of May 21, 1955, in the divorce suit requiring him to pay alimony to the defendant is void on these grounds and for these reasons: (1) In awarding alimony to the defendant, who was found guilty of cruel or inhuman treatment and from whom the petitioner obtained a decree of divorce, the court abused its discretion and exceeded its legitimate powers; and (2) the provision of the decree awarding alimony is not supported by any pleading filed by either party in the suit for divorce.

On the contrary the defendants contend that the challenged provision of the decree, if in any respect er-

roneous, is voidable but not void and for that reason is not subject to attack in this original proceeding.

A well established principle in this jurisdiction is that jurisdiction of courts of equity to entertain suits for divorce exists only by virtue of the statute which confers such jurisdiction. *Taylor* v. *Taylor*, 128 W. Va. 199, 36 S. E. 2d 601; *Nield* v. *Nield*, 126 W. Va. 430, 28 S. E. 2d 825; *Wood* v. *Wood* 126 W. Va. 189, 28 S. E. 2d 423; *Anderson* v. *Anderson*, 121 W. Va. 103, 1 S. E. 2d 884; *Parks* v. *Parks*, 109 W. Va. 138, 153 S. E. 242; *White* v. *White*, 106 W. Va. 569, 146 S. E. 376; *Chapman* v. *Parsons*, 66 W. Va. 307, 66 S. E. 461, 135 Am. St. Rep. 1033, 24 L. R. A., N. S., 1015; *Cariens* v. *Cariens*, 50 W. Va. 113, 40 S. E. 335, 55 L. R. A. 930. This Court has also said that the procedure to be followed by courts of equity in suits for divorce is prescribed by statute. *Nield* v. *Nield*, 126 W. Va. 430, 28 S. E. 2d 825; *Boger* v. *Boger*, 86 W. Va. 590, 104 S. E. 49; *Chapman* v. *Parsons*, 66 W. Va. 307, 66 S. E. 461, 135 Am. St. Rep. 1033, 24 L. R. A., N. S., 1015; *Cariens* v. *Cariens*, 50 W. Va. 113, 40 S. E. 335, 55 L. R. A. 930. In the *Boger* case, decided in 1920, discussing the provisions of Section 8, Chapter 64 of the Code of 1916, then in effect, the substance of which is contained in Section 11, Article 2, Chapter 48, Code, 1931, this Court used this language: "The statute is not amendatory of either common or the ecclesiastical law. It is full, complete and comprehensive, covering every phase of divorce; wherefore it was manifestly designed by the Legislature to be a substitute for all other law applicable to that subject. *State* v. *Hardin*, 62 W. Va. 313; *Grant* v. *Baltimore & Ohio R. Co.*, 66 W. Va. 175. It would be difficult to find in our code or any other a more comprehensive statute. It covers the entire subject fully and in detail. Much of it is taken from the common and ecclesiastical laws, or course, but obviously that does not make it amendatory. *Equity procedure gets into it by express legislative adoption, not by interpretation.* Code, ch. 64, sec. 8." (Italics supplied). See also *Mc-Cotter* v. *Carle*, 149 Va. 584, 140 S. E. 670.

With respect to the award of alimony in the final decree

destroys or is a penalty imposed upon the guilty party for violation of the marital obligation. 17 Am. Jur., Divorce and Separation, Section 653; *Gibson* v. *Gibson,* 81 Misc. 508, 143 N. Y. S. 37. The generally accepted view, however, is that the function of permanent alimony is to provide support for the wife and that it is based upon the common-law right of the wife to support by the husband which continues until forfeited by the misconduct of the wife and upon the natural and legal duty of the husband to support his wife. 6 M. J., Divorce and Alimony, Section 59; *Eaton* v. *Davis,* 176 Va. 330, 10 S. E. 2d 893; *Cecil* v. *Cecil,* 179 Va. 274, 19 S. E. 2d 64; *Hulcher* v. *Hulcher,* 177 Va. 12, 12 S. E. 2d 767. Though the power of courts of equity to award alimony is derived from statute it did not originate in any statute but stems from the legal obligation of the husband, incident to the marriage state, to maintain his wife in a manner suited to his means and social position. 6 M. J., Divorce and Alimony, Section 59; *Korczyk* v. *Solonka,* 130 W. Va. 211, 42 S. E. 2d 814; *Miller* v. *Baer,* 114 W. Va. 566, 172 S. E. 612; *Burdette* v. *Burdette,* 109 W. Va. 95, 153 S. E. 150; *Reynolds* v. *Reynolds,* 68 W. Va. 15, 69 S. E. 381, Ann. Cas. 1912A, 889; *Wilson* v. *Wilson,* 178 Va. 427, 17 S. E. 2d 397; *Bray* v. *Landergren,* 161 Va. 699, 172 S. E. 252; *Harris* v. *Harris,* 31 Gratt. 13. Alimony is a right of the wife which she may forfeit by her misconduct; and when she is the offender she can not have an award of alimony in a decree of divorce in favor of her husband, in the absence of a statute which authorizes such award. 6 M. J., Divorce and Alimony, Section 62; *House* v. *House,* 102 Va. 235, 46 S. E. 299; *Harris* v. *Harris,* 31 Gratt. 13.

In *Chapman* v. *Parsons,* 66 W. Va. 307, 66 S. E. 461, 135 Am. St. Rep. 1033, 24 L. R. A., N. S., 1015, this Court held in point 2 of the syllabus that alimony is only cognizable as between parties united by a marital relation that imposes upon the husband the legal duty to support the wife. In that case, a proceeding in prohibition in which the husband obtained a writ which prohibited the enforcement of a decree awarding the wife alimony in an independent suit to set aside a decree in a prior suit in

of May 21, 1955, in the suit for divorce, Section 15, Article 2, Chapter 48, Code, 1931, as amended, contains, among others, these pertinent provisions: "Upon decreeing a divorce, the court may make such further decree as it shall deem expedient, concerning the maintenance of the parties, or either of them;" and "For the purpose of making effectual any order or decree provided for in this section the court, or judge thereof in vacation, may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient." By virtue of these provisions of the statute the court is vested with a sound judicial discretion which is subject to review by the appellate court in the matter of granting or refusing an award for the maintenance of either party in a suit for divorce and in fixing the amount of such award. *Bailey v. Bailey*, 127 W. Va. 826, 35 S. E. 2d 81; *Burdette v. Burdette*, 109 W. Va. 95, 153 S. E. 150; *Hale v. Hale*, 108 W. Va. 337, 150 S. E. 748; *Norman v. Norman*, 88 W. Va. 640, 107 S. E. 407; *Rice v. Rice*, 88 W. Va. 54, 106 S. E. 237; *Reynolds v. Reynolds*, 72 W. Va. 349, 78 S. E. 360; *Coger v. Coger*, 48 W. Va. 135, 35 S. E. 823; *Wass v. Wass*, 42 W. Va. 460, 26 S. E. 440; *Bailey v. Bailey*, 21 Gratt. 43.

Alimony is generally considered as an allowance to the wife out of the earnings of the husband or income from his estate but not the estate itself, and arises from the obligation of the husband to maintain and support the wife according to his means and social position. 6 M. J., Divorce and Alimony, Section 59; *Miller v. Baer*, 114 W. Va. 566, 172 S. E. 612; *Burdette v. Burdette*, 109 W. Va. 95, 153 S. E. 150; *Kittle v. Kittle*, 86 W. Va. 46, 102 S. E. 799; *Sperry v. Sperry*, 80 W. Va. 142, 92 S. E. 574; *Henrie v. Henrie*, 71 W. Va. 131, 76 S. E. 837; *Reynolds v. Reynolds*, 68 W. Va. 15, 69 S. E. 381, Ann. Cas. 1912A, 889; *Barnes v. American Fertilizer Company*, 144 Va. 692, 130 S. E. 902; *Lovegrove v. Lovegrove*, 128 Va. 449, 104 S. E. 804; *Latham v. Latham*, 30 Gratt. 307; *Bailey v. Bailey*, 21 Gratt. 43. There is authority for the view that permanent alimony is not based upon the obligation of support which is terminated by final decree of divorce but is substituted for the right of the innocent party which the divorce

which the husband was granted a divorce and in which there was no allowance for the maintenance of the wife because of her desertion, this Court, discussing the effect of a decree of divorce upon the duties and responsibilities of the parties, used this language: "The terms and effect of a decree of divorce from bed and board has taken the place of the common law duties and responsibilities as between man and wife. The duty of the husband to support the wife is supplanted by the decree of judicial separation. After the making of that decree he has no obligation to maintain her except as adjudged by the decree. * * *. But a provision for alimony is wholly absent from the decree by which these parties are separated. That decree thereby says that the husband owes no further duty of support to the wife. In real effect, it says that the marriage relation in this particular is dissolved. The judicial separation of the parties has put no duty of support upon the husband. He is no more a husband in this particular. By the force and effect of the decree the marriage is fully dissolved so far as the duty of support is concerned. In this particular the marital relation is at an end. Only a reconciliation can change that status. Plainly, where there is no relation that legally imposes the duty of the wife's maintenance on the husband, the law gives no power to make him maintain the wife."

In *Harris* v. *Harris*, 31 Gratt. 13, under a divorce statute of Virginia which provided, as did an identical statute of this State until its amendment by the Code of 1931, that: "Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board, the court may make such further order as it shall deem expedient concerning the estate and maintenance of the parties, or either of them, * * *.", the Court held that, as the husband was granted an absolute divorce on the ground of desertion, the wife, having left her husband without sufficient cause, was not entitled to alimony out of the estate of her husband. Though by the statute the court was vested with discretion to make any further order concerning the

estate and the maintenance of the parties, or either of them, the Supreme Court of Appeals of Virginia declared that such discretion was a sound, judicial, not an arbitrary, discretion, and in the opinion said that discretion "when applied to a court of justice, means *sound* discretion *guided by law.* It must be governed by rule; it must not be arbitrary, vague and fanciful, but legal and regular."; and that "It is not an unlimited power, but in all cases, where by law, whether statute or common law, a subject is referred to the discretion of the court, that must be regarded as a *sound discretion,* to be exercised according to the circumstances of each particular case." With respect to an award of alimony under the statute to a wife whose misconduct entitled the husband to an absolute divorce the opinion contains these statements:

"Alimony, or an allowance for the maintenance of the wife, was never decreed on a divorce *a vinculo matrimonii.* It was confined to divorces from bed and board, and was an incident of decrees of that character. It is plain, however, from the language of the section of the Code referred to, that the court may, in the exercise of its discretion, extend it to a decree of divorce from the bond of matrimony.

"Alimony had its origin in the legal obligation of the husband, incident to the marriage state, to maintain his wife in a manner suited to his means and social position, and although it is her right, she may by her misconduct forfeit it; and where she is the offender, she cannot have alimony on a divorce decreed in favor of the husband. So long as he has committed no breach of marital duty, he is under no obligation to provide her a separate maintenance, for she cannot claim it on the ground of her own misconduct. 2 Bish. on Marriage & Divorce, Section 377; *Carr* v. *Carr,* 22 Gratt. 168, 173."

In *House* v. *House,* 102 Va. 235, 46 S. E. 299, the trial court granted the husband a divorce from bed and board on the ground of cruel or inhuman treatment but awarded the wife alimony. On appeal the Supreme Court of Ap-

peals of Virginia reversed the decree and held that neither party was entitled to a divorce. In the opinion the court said: "Neither does the evidence sustain the wife's claim for alimony. She was more to blame than the husband for the unhappy manner in which they lived. She provoked by her misconduct the alleged mistreatment upon which she relies for alimony. To give her alimony under the facts of this case would be to reward her for her own wrongdoing." See also 27 C. J. S., Divorce, Sections 228, 229(2), 229(3); *Wade* v. *Wade,* 172 Va. 282, 1 S. E. 2d 331; *Duff* v. *Duff,* 145 Va. 526, 134 S. E. 555; *Haynor* v. *Haynor,* 112 Va. 123, 70 S. E. 531.

In *Martin* v. *Martin,* 33 W. Va. 695, 11 S. E. 12, the court granted the wife a divorce and awarded her permanent alimony and dismissed the cross bill of the husband in which he sought a divorce from the wife on the ground of her desertion for a period of three years. On appeal this Court reversed the decree, dismissed the bill of complaint, granted a divorce on the cross bill of the husband, and held in point 2 of the syllabus that "Where a wife leaves her husband without good legal cause, she is not entitled to alimony." In the opinion, after citing certain cases, this Court said: "In the light of these authorities, it is clear the court erred in decreeing permanent alimony to the plaintiff at the rate of $40.00 per annum during the lifetime of said plaintiff. Again, we find it was held in the case of *Carr* v. *Carr,* 22 Gratt. 168, that a wife, having left her husband without good legal grounds, is not entitled to alimony; referring to Bish. Mar. & Div. 564, and *Boggess* v. *Boggess,* 4 Dana, 307; and, as the evidence in the case under consideration does not show any legal ground or just cause for the action of the plaintiff in leaving the home of the defendant, she was not entitled to alimony, under the rulings aforesaid."

It is clear from the holdings in *Carr* v. *Carr,* 22 Gratt. 168; *Harris* v. *Harris,* 31 Gratt. 13; *House* v. *House,* 102 Va. 235, 46 S. E. 299; and *Martin* v. *Martin,* 33 W. Va. 695, 11 S. E. 12, that a wife, whose misconduct constitutes a

ground for divorce and who in a suit for divorce is found to be the guilty party and the husband is granted a divorce, forfeits her right to alimony, and, as a matter of law, is not entitled to an award of permanent alimony, in the absence of a statute which authorizes such award. For that reason, a court of equity, in the exercise of its discretion under the provisions of Section 15, Article 2, Chapter 48, Code, 1931, as amended, in a suit for divorce, may not award permanent alimony to a wife who is guilty of misconduct and whose husband is granted a divorce because of such misconduct.

In the suit for divorce in which the petitioner was granted a divorce from the defendant because of the cruel or inhuman treatment of the petitioner of which the defendant was necessarily found guilty, the misconduct of the defendant was the cause of the judicial dissolution of the marriage that formerly existed between them. By her misconduct she forfeited her right to maintenance by the petitioner as her husband and his obligation to maintain her was terminated and extinguished. In that situation she was not entitled to an award of alimony against him and the circuit court was not empowered by law to require him to maintain her by virtue of the marital relation which formerly existed between them; and its action in making such award constituted an abuse of discretion and exceeded its legitimate powers. *Sutherland* v. *Workman*, 119 W. Va. 683, 195 S. E. 856. In that case this Court held in point 2 of the syllabus that: "Where, by an order of record, a court has abused its discretion in the award of alimony and counsel fees in a divorce proceeding, or a suit for separate maintenance, this Court, under its original jurisdiction in habeas corpus, will relieve the injured party from imprisonment on charges of contempt of court for failure to comply with such order." The provision in the decree of May 21, 1955, awarding permanent alimony to the defendant, being in excess of the legitimate powers of the circuit court in the suit for divorce, was void and of no force or effect.

The provision requiring the payment of alimony to the defendant by the petitioner was void for the additional reason that it is not supported by or based upon any pleading in the suit for divorce between the parties to that suit. The only pleading filed by either of the parties is the bill of complaint of the petitioner which, for obvious reasons, contained no allegation of any duty of the petitioner to support or maintain the defendant from whom he sought a divorce because of the cruel or inhuman treatment charged against her in the bill of complaint. As already indicated, the defendant did not file an answer or in any manner controvert the allegations of the bill of complaint or at any stage of the proceeding assert by any pleading any right to maintenance or support by the petitioner or make any claim for alimony against him. Section 11, Article 2, Chapter 48, Code, 1931, provides that suits for divorce "shall be instituted and conducted as other chancery suits, except as provided" in the statute. Though there are decisions in some jurisdictions that alimony may be decreed in a suit for divorce without a demand for alimony in the pleadings, this Court has uniformly held that an order or a decree, in a suit for divorce as in other suits in equity or actions at law, to be valid, must be based upon sufficient allegations in the pleadings. *Dawson* v. *Dawson,* 57 W. Va. 520, 50 S. E. 613, 110 A. S. R. 800; *Wass* v. *Wass,* 41 W. Va. 126, 23 S. E. 537; *Handlan* v. *Handlan,* 37 W. Va. 486, 16 S. E. 597. See also 17 Am. Jur., Divorce and Separation, Section 659.

In *Handlan* v. *Handlan,* 37 W. Va. 486, 16 S. E. 597, this Court held in point 4 of the syllabus that in suits for divorce, as well as in suits in equity in general, all orders and decrees must be justified by the pleadings as well as by the proofs. In *Wass* v. *Wass,* 41 W. Va. 126, 23 S. E. 537, point 2 of the syllabus contains this statement: "Suits for divorce are governed by the general rule that requires the decree to be justified by both the pleadings and the proof, which must coexist, and therefore must correspond." In the opinion in *Dawson* v. *Dawson,* 57

W. Va. 520, 50 S. E. 613, 110 A. S. R. 800, this Court said: "The same rule applies in divorce as in other cases, that the plaintiff can have no relief unless the allegations in his bill entitle him to it." In the recent case of *Kinsey* v. *Kinsey,* 143 W. Va. 574, 103 S. E. 2d 409, this Court held in point 3 of the syllabus that "An award of personal property to one of the parties to a suit for divorce must be supported by allegations of fact in the pleadings laying a basis therefor, and a prayer for general relief, standing alone, is insufficient to support such an award." See also *Wood* v. *Wood,* 126 W. Va. 189, 28 S. E. 2d 423. In *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894, this Court held, in point 4 of the syllabus, that "Where the jurisdiction of a court to grant a divorce depends upon the existence of certain facts, such facts must be pleaded, and, if not pleaded, the court has no right or power to proceed or act in the cause."

The pleadings in a suit in equity or an action at law must be sufficient to support the judgment. *Roy* v. *Bennett,* 141 W. Va. 260, 89 S. E. 2d 843; *Cato* v. *Silling,* 137 W. Va. 694, 73 S. E. 2d 731; *Wood* v. *Wood,* 126 W. Va. 189, 28 S. E. 2d 423; *Kesterson* v. *Brown,* 94 W. Va. 447, 119 S. E. 677; *Simmons* v. *Yoho,* 92 W. Va. 703, 115 S. E. 851; *Simmons* v. *Simmons,* 85 W. Va. 25, 100 S. E 743; *Black* v. *Crouch,* 85 W. Va. 22, 100 S. E. 749; *Jennings* v. *McDougle,* 83 W. Va. 186, 98 S. E. 162; *Conrad* v. *Crouch,* 68 W. Va. 378, 69 S. E. 888. There can be no valid decree without proper pleadings to support it. *Roy* v. *Bennett,* 141 W. Va. 260, 89 S. E. 2d 843; *Wolford* v. *Wolford,* 133 W. Va. 403, 56 S. E. 2d 614; *Cecil* v. *Karnes,* 61 W. Va. 543, 56 S. E. 885; *Waldron* v. *Harvey,* 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Turner* v. *Stewart,* 51 W. Va. 493, 41 S. E. 924; *Keneweg Company* v. *Schilansky,* 47 W. Va. 287, 34 S. E. 773; *Martin* v. *Kester,* 46 W. Va. 438, 33 S. E. 238; *Coaldale Mining and Manufacturing Company* v. *Clark,* 43 W. Va. 84, 27 S. E. 294; *Goff* v. *Price,* 42 W. Va. 384, 26 S. E. 287; *Fadely* v. *Tomlinson,* 41 W. Va. 606, 24 S. E. 645; *Vance Shoe Company* v. *Haught,* 41 W. Va. 275, 23 S. E. 553; *Tavenner* v. *Barrett,* 21 W. Va. 656.

In the leading case of *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959, this Court held in point 2 of the syllabus that "Where there is no pleading to warrant a decree, or part of a decree, the decree, or such part of it, is not merely voidable, but void, as it is not on a matter in issue." The opinion in that case contains these pertinent statements: " 'A decree is a conclusion of law from pleading and proofs, and where there is a failure of either pleading or proofs there can be no decree.' *Kenneweg* v. *Schilansky*, 47 W. Va. 278, *Vance Shoe Co.* v. *Haught*, 41 Id. 275. A decree, or any matter of a decree, which has no matter in the pleading to rest upon is void, because pleadings are the very foundation of judgments and decrees. 'Matters not charged in a bill or in the answer, and not in issue in the cause, are not proper to be considered on the hearing.' *Hunter* v. *Hunter*, 10 W. Va. 321. There must not only be jurisdiction as to the person affected by the decree by having him before the court by process or appearance, but there must be jurisdiction of the matter acted upon by having it also before the court in the pleadings. Multitudinous cases attest this elementary axiom of jurisdiction. If either is wanting, the decree or judgment is void, not merely voidable or erroneous. Hogg's Eq. Proced. section 573; *Haymond* v. *Camden*, 22 W. Va. 180, (point 5) ; *McCoy* v. *Allen*, 16 Id. 724; *Shaffer* v. *Fetty*, 30 Id. 248; *Bland* v. *Stewart*, 35 Id. 518. * * *." A prayer for general relief will not support a decree unless the facts alleged and the nature of the case warrant it. *Waldron* v. *Harvey*, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959; *Vance Shoe Company* v. *Haught*, 41 W. Va. 275, 23 S. E. 553.

The provision in the decree of May 21, 1955 awarding permanent alimony to the defendant, being void, is subject to attack and its enforcement may be prevented in a proceeding in prohibition. A void judgment, being a nullity, may be attacked, collaterally or directly, at any time and in any court whenever any claim or right is asserted under such judgment. *State ex rel. Leeber and Covey* v. *The Board of Education of the County of Raleigh*,

143 W. Va. 584, 103 S. E. 2d 797; *State ex rel. Browning* v. *Tucker,* 142 W. Va. 830, 98 S. E. 2d 740; *State ex rel. Vance* v. *Arthur,* 142 W. Va. 737, 98 S. E. 2d 418; *State ex rel. Lovejoy* v. *Skeen,* 138 W. Va. 901, 78 S. E. 2d 456, certiorari denied, 349 U. S. 940, 75 S. Ct. 786, 99 L. Ed. 1268; *Bennett* v. *Bennett,* 137 W. Va. 179, 70 S. E. 2d 894; *Stephenson* v. *Ashburn,* 137 W. Va. 141, 70 S. E. 2d 585; *Cable* v. *Cable,* 132 W. Va. 620, 53 S. E. 2d 637; *Evans* v. *Hale,* 131 W. Va. 808, 50 S. E. 2d 682; *Pettry* v. *Hedrick,* 124 W. Va. 113, 19 S. E. 2d 583; *Perkins* v. *Hall,* 123 W. Va. 707, 17 S. E. 2d 795; *Hayhurst* v. *J. Kenny Transfer Company,* 110 W. Va. 395, 158 S. E. 506; *New Eagle Gas Coal Company* v. *Burgess,* 90 W. Va. 541, 111 S. E. 508; *Jones* v. *Crim,* 66 W. Va. 301, 66 S. E. 367; *Roberts* v. *Hickory Camp Coal and Coke Company,* 58 W. Va. 276, 52 S. E. 182; *St. Lawrence Boom and Manufacturing Company* v. *Holt,* 51 W. Va. 352, 41 S. E. 351; *Hoback* v. *Miller,* 44 W. Va. 635, 29 S. E. 1014; *Fowler* v. *Lewis,* 36 W. Va. 112, 14 S. E. 447; *Haymond* v. *Camden,* 22 W. Va. 180; *Camden* v. *Haymond,* 9 W. Va. 680; 11 M. J., Judgments and Decrees, Section 145; 11 M. J., Jurisdiction, Section 9.

By Section 1, Article 1, Chapter 53, Code, 1931, the writ of prohibition shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds its legitimate powers. *State ex rel. Cosner* v. *See,* 129 W. Va. 722, 42 S. E. 2d 31; *White Sulphur Springs, Inc.* v. *Ripley,* 124 W. Va. 486, 20 S. E. 2d 794; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341; *State ex rel. Noce* v. *Blankenship,* 93 W. Va. 273, 116 S. E. 524; *Weil* v. *Black,* 76 W. Va. 685, 86 S. E. 666; *Powhatan Coal and Coke Company* v. *Ritz,* 60 W. Va. 395, 56 S. E. 257, 9 L. R. A., N. S., 1225; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448. It does not lie to correct errors or to usurp the functions of a writ of error or certiorari, or of the remedy by appeal. *Crawford* v. *Taylor,* 138 W. Va. 207, 75 S. E. 2d 370; *State ex rel. Rufus* v. *Easley,* 129 W. Va. 410, 40 S. E. 2d 827; *Lake O'Woods Club* v. *Wilhelm,* 126 W. Va. 447, 28 S. E. 2d 915; *Wolfe* v.

*Shaw,* 113 W. Va. 735, 169 S. E. 325; *Sperry* v. *Sanders,* 50 W. Va. 70, 40 S. E. 327; *Johnston* v. *Hunter,* 50 W. Va. 52, 40 S. E. 448; *County Court* v. *Boreman,* 34 W. Va. 362, 12 S. E. 490. When, because of want of jurisdiction, a valid judgment can not be rendered, a writ of prohibition may issue even though a writ of error to a final judgment is available. *Crawford* v. *Taylor,* 138 W. Va. 207, 75 S. E. 2d 370; *Thacker* v. *Ferguson,* 127 W. Va. 177, 32 S. E. 2d 47; *Lake O'Woods Club* v. *Wilhelm,* 126 W. Va. 447, 28 S. E. 2d 915; *White Sulphur Springs, Inc.* v. *Ripley,* 124 W. Va. 486, 20 S. E. 2d 794; *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S.E. 341; *Wolfe* v. *Shaw,* 113 W. Va. 735, 169 S. E. 325.

Inasmuch as the award of alimony to the defendant in the suit for divorce was in excess of the legitimate powers of the circuit court and was not sustained by any pleading in that suit and, for each of those reasons was void and of no force or effect, the enforcement of such award and the further prosecution of the contempt proceeding to enforce the payment of the award by the petitioner will be prohibited in this proceeding.

The writ as prayed for in the petition is awarded.

*Writ awarded.*